[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12200
Non-Argument Calendar

_____

D. C. Docket No. 06-00454-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS ALFARO-GRAMAJO,
a.k.a. Juan Manuel Monterosa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 7, 2008)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Juan Carlos Alfaro-Gramajo appeals his 37-month sentence imposed

following his guilty plea for re-entry into the United States after deportation without permission, in violation of 8 U.S.C. § 1326. He argues that the district court erred in enhancing his base offense level under the Sentencing Guidelines pursuant to U.S.S.G. § 2L1.2(b)(1)(C) (2006) predicated on a previous Texas conviction for burglary of a vehicle. We AFFIRM.

## I. BACKGROUND

The investigation prior to Alfaro-Gramajo's sentencing hearing revealed the following: A Texas highway patrol officer had observed a vehicle being driven without a registration tag. When the officer pulled the vehicle over, the driver had said that he did not have a driver's license, but had handed the officer a Tennessee identification card issued in the name of Arturo Navarrete. A check of the identification card revealed that the person to whom the card had been issued had also been issued a driver's license, but when the officer asked the driver if his name was really Arturo Navarrete, he stated that his name was actually Juan Manuel Monteroso. During a later interview with the driver, it became clear that the driver's true identity was Juan Carlos Alfaro-Gramajo. The officer also determined that Alfaro-Gramajo had been deported in 2005 and had reentered the United States without authorization.

In calculating the proper guideline sentence, the probation office assigned

2

Alfaro-Gramajo a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a). It then applied an eight-level increase pursuant to § 2L1.2(b)(1)(C), because it determined that Alfaro-Gramajo had been convicted of an aggravated felony in Texas: burglary of a vehicle. The subtraction of three levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), resulted in a total offense level of 13. Alfaro-Gramajo's criminal history category was VI. This gave him a guideline range of 33 to 41 months of imprisonment. The probation office recommended a sentence of 37 months.

Alfaro-Gramajo objected to the eight-level increase pursuant to § 2L1.2(b)(1)(C), arguing that his state conviction for burglary of a vehicle was not an aggravated felony. At the sentencing hearing, the district court heard arguments on whether burglary of a vehicle was an aggravated felony. Alfaro-Gramajo, citing Ninth Circuit caselaw, argued that the offense was not an aggravated felony. The government responded that the offense was a crime of violence because it involved a substantial risk that physical force might be used against the person or property of another. The government further argued that the 16-level enhancement under U.S.S.G. § 2L1.2(a)(1)(A) ought to apply.

The government also submitted into evidence the indictment related to the Texas offense. The indictment charged that Alfaro-Gramajo "did unlawfully,

3

knowingly and intentionally break into and enter a vehicle, without the effective consent of . . . the owner thereof, with the intent to commit theft[.]" R.Exh., Gov. 1; R4-I at 5.[1] The court then rescheduled the sentencing proceeding so that it could consider the matter further.

When the proceeding resumed two weeks later, the court determined that the eight-level enhancement did apply because Alfaro-Gramajo's offense fit the definition of aggravated felony. The court noted that "you can weave your way through the various sections and subsections and get back to that definition in more ways than one." R4-II at 5. However, the court refused to apply the 16-level enhancement because the definition of "crime of violence" for the purpose of that enhancement required that the charged offense include the use of violence as an element of the offense, and the Texas statute at issue did not do so. Id. After considering the 18 U.S.C. § 3553(a) sentencing factors, the court sentenced Alfaro-Gramajo to 37 months of imprisonment.

On appeal, Alfaro-Gramajo argues that burglary of a vehicle does not constitute an aggravated felony for the purpose of the § 2L1.2(b)(1)(c) because it is neither an attempted theft offense nor a crime of violence.[2]

---

[1] Although the record on appeal lists five separate volumes, the fourth and fifth volumes are designated as sub-volumes I and II of a single volume 4.

[2] In his first brief, Alfaro-Gramajo also argued extensively that burglary of a vehicle does not constitute a burglary offense for purposes of 8 U.S.C. § 1101(a)(43)(G). The government concedes

## II. DISCUSSION

We review de novo the issue of whether a prior conviction qualifies for enhancement under U.S.S.G. § 2L1.2(b). United States v. Llanos-Agostadero, 486 F.3d 1194, 1196 (11th Cir. 2007) (per curiam). We may affirm the district court's judgment on any ground that finds support in the record. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

The Sentencing Guidelines provide for a base offense level of eight if a defendant alien has been convicted of unlawfully reentering the United States. U.S.S.G. § 2L1.2(a). "If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony," that base is increased by eight levels. U.S.S.G. § 2L1.2(b)(1)(C). The application notes for this section define "aggravated felony" as having "the meaning given that term in . . . 8 U.S.C. § 1101(a)(43)." U.S.S.G. § 2L1.2, comment. (n.3(A)).

A. Theft or Attempted Theft

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, includes in the definition of aggravated felony "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year," and also includes an attempt or conspiracy to commit such an offense. 8

_____

that it does not, and the issue warrants no further discussion.

5

U.S.C. § 1101(a)(43)(G), (U). Because Congress did not define the terms "theft offense" or "burglary offense," courts define them in "the generic sense in which the term[s are] now used in the criminal codes of most States." See Taylor v. United States, 495 U.S. 575, 598, 110 S. Ct. 2143, 2158 (1990) (interpreting the term "burglary" for the purpose of applying 18 U.S.C. § 924(e)).

The Supreme Court has held that, in determining whether a prior state offense qualifies as a predicate offense in a criminal enhancement statute, courts generally must

> look only to the fact of conviction and the statutory definition of the prior offense. This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of [the] generic [offense]."

Taylor, 495 U.S. at 602, 110 S.Ct. at 2160 (footnote omitted); see also Gonzales v. Duenas-Alvarez, __ U.S. __, __, 127 S. Ct. 815, 818 (2007) (observing that, for purposes of 8 U.S.C. § 1101, "[i]n determining whether a conviction . . . falls within the scope of a listed offense (e.g., "theft offense"), the lower courts uniformly have applied the approach . . . set forth in Taylor v. United States"). If the state statute includes additional conduct that does not meet the elements of the generic offense in the enhancement statute, then sentencing courts can look at the charging documents and jury instructions to show that the defendant was actually

6

convicted of the generic offense. Taylor, 495 U.S. at 602, 110 S. Ct. 2143 at 2160.

This holding now extends to convictions following guilty pleas. Shepard v. United

States, 544 U.S. 13, 19, 125 S. Ct. 1254, 1259 (2005). In such cases, to determine

whether the offense of conviction is included in the generic offense triggering an

enhancement, courts may consider the charging document, plea agreement, and

plea colloquy transcript or other comparable record establishing the factual basis

for the plea. Id. at 26, 125 S. Ct. at 1263.

We have confirmed that the basic elements of a generic theft offense include

a "taking of property" with "criminal intent to deprive the owner of the rights and

benefits of ownership, even if such deprivation is less than total or permanent."

Jaggernauth v. U.S. Attorney General, 432 F.3d 1346, 1353 (11th Cir. 2005) (per

curiam) (quotations omitted); see also United States v. Vasquez-Flores, 265 F.3d

1122, 1125 (10th Cir. 2001); Hernandez-Mancilla v. INS, 246 F.3d 1002, 1009

(7th Cir. 2001). Similarly, we have recognized that the "basic elements of an

attempt are (1) an intent to engage in criminal conduct and (2) conduct constituting

a 'substantial step' towards the commission of the substantive offense which

strongly corroborates the defendant's criminal intent." United States v. Collins,

779 F.2d 1520, 1533 (11th Cir. 1986).

The Texas statute under which Alfaro-Gramajo was convicted provides:

7

§ 30.04 Burglary of Vehicles

(a)    A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.
(b)    For purposes of this section, "enter" means to intrude:
        (1)   any part of the body; or
        (2)   Any physical object connected with the body.
(c)    An offense under this section is a felony of the third degree.

Tex. Penal Code § 30.04 (1993).[3]

To be convicted of burglary of a vehicle in violation of Tex. Penal Code

§ 30.04, Alfaro-Gramajo must have had "the intent to commit any felony or theft."

See id.  Thus, the statute alone does not tell us whether Alfaro-Gramajo had the

intent to commit a theft or the intent to commit some other felony.  However, the

Texas charging document clarifies that Alfaro-Gramajo "[broke] into and

enter[ed]" a vehicle "with the intent to commit theft." R.Exh., Gov. 1; see Taylor,

495 U.S. at 602, 110 S. Ct. at 2160; Shepard, 544 U.S. at 26, 125 S. Ct. at 1263.

The issue, therefore, is whether breaking into and entering a vehicle with the intent

to commit theft constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43).

Because Tex. Penal Code § 30.04 does not include the element of a taking,

we find that it is not a theft offense under 8 U.S.C. § 1101(a)(43)(G).  See

_____

[3] Although Texas law of burglary of a vehicle changed after the time of Alfaro-Gramajo's conviction, reducing the crime from a felony to a misdemeanor offense, the parties agree that the change does not bear on this appeal.

8

Jaggernauth, 432 F.3d at 1353. However, Alfaro-Gramajo's conviction under Tex. Penal Code § 30.04 required both the intent to commit a theft and the breaking into and entering of an automobile, which constituted a substantial step toward committing a theft. Thus, Alfaro-Gramajo's prior offense qualifies as an attempted theft under the categorical approach of Taylor, which compares the elements of the offense of conviction with a generic definition of the offense listed in § 1101(a)(43), in this case an attempted theft offense under § 1101(a)(43)(G) and (U).[4] See Taylor, 495 U.S. at 602, 110 S. Ct. at 2160; Collins, 779 F.2d at 1533. Accordingly, it constitutes an aggravated felony for the purpose of a § 2L1.2(b)(1)(C) enhancement.

B. Crime of Violence

Even if Alfaro-Gramajo's conviction for burglary of a vehicle did not constitute an attempted theft for purposes of § 1101(a)(43), the INA definition of "aggravated felony" also includes "crime[s] of violence," incorporating the definition from 18 U.S.C. § 16. 8 U.S.C. § 1101(a)(43)(F). In relevant part, that section defines a "crime of violence" as any offense "that is a felony and that, by

---

[4] Alfaro-Gramajo's argument that there is no evidence that the theft attempted would have been a felony under Texas law, as opposed to a misdemeanor, is without merit, as the offense must viewed in light of the definition in § 1101(a)(43)(G) and (U), and Alfaro-Gramajo does not dispute that his sentence was more than one year. See Taylor, 495 U.S. at 602, 110 S. Ct. at 2160; Collins, 779 F.2d at 1533.

9

its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). Alfaro-Gramajo argues that burglary of a vehicle is not a crime of violence because the broad construction Texas courts have given the offense means that it often involves no physical force against the property of another.

The Supreme Court has explained that the "substantial risk" in 16(b) refers to the intentional use of force, not to the possible effect of a person's conduct. Leocal v. Ashcroft, 543 U.S. 1, 11, 125 S. Ct. 377, 383 (2004) (in the context of a DUI offense). We have further clarified that the issue of determining whether an offense is a crime of violence is a "categorical question, and is thus not dependent upon the specific facts of the case." United States v. Johnson, 399 F.3d 1297, 1301-02 (11th Cir. 2005) (per curiam) (interpreting crime of violence under 18 U.S.C. 3156(a)(4)(B) which has a definition similar to that in 18 U.S.C. § 16(b)).

On its face, the plain language of 16(b) encompasses Tex. Penal Code § 30.04, which proscribes breaking into, or entering, a vehicle with the intent to commit a theft or felony. Breaking into a vehicle, by its nature, involves a substantial risk that physical force may be used against the property of another. See 18 U.S.C. § 16(b). Alfaro-Gramajo's argument that the Texas courts have construed the statute too broadly for it to be considered a crime of violence is

10

unpersuasive. The cases cited by Alfaro-Gramajo show that Texas courts have interpreted the statute within the plain meaning of its terms. See, e.g., Thomas v. State, 919 S.W.2d 810,814 (Tex. Ct. App. 1996) (holding a car was broken into or entered when defendant reached in through the open window of a car). However, to qualify under § 16(b), the offense need not always require physical force against the property of another, but rather must lie within a category of offenses the commission of which presents a substantial risk that physical force will be used. Accordingly, we join the Fifth Circuit in holding that Tex. Penal Code § 30.04 describes a crime of violence for the purposes of 18 U.S.C. § 16(b). See Lopez-Elias v. Reno, 209 F.3d 788, 792 (5th Cir. 2000). This, in turn, makes Alfaro-Gramajo's burglary of a vehicle an aggravated felony for the purpose of § 2L1.2(b)(1)(C).

### III. CONCLUSION

Alfaro-Gramajo appeals his 37-month sentence, arguing that the district court erred in enhancing his sentence based on a prior Texas conviction for burglary of a vehicle. Because we conclude that this prior offense qualifies as an aggravated felony for purposes of U.S.S.G § 2L1.2(b), both as an attempted theft offense and, altnernatively, as a crime of violence, we **AFFIRM**.

11