PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABRAM VENZOR-GRANILLO, also
known as Sergio Lerma-Cano,

Defendant - Appellant.

No. 10-1541

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 1:10-CR-00314-PAB-1)**

John T. Carlson, Assistant Federal Public Defender (Raymond P. Moore, Federal
Public Defender, with him on the briefs), Denver, Colorado, for Defendant -
Appellant.

Paul Farley, Assistant United States Attorney (John F. Walsh, United States
Attorney, with him on the brief), Denver, Colorado, for Plaintiff - Appellee.

Before **MURPHY**, **BALDOCK**, and **SILER**,[*] Circuit Judges.

**MURPHY**, Circuit Judge.

---

[*]The Honorable Eugene E. Siler, Jr., United States Circuit Judge, Sixth
Circuit, sitting by designation.

## I. Introduction

Abram Venzor-Granillo appeals the district court's application of an eight-level sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(C). He argues the district court erred by using the modified categorical approach to conclude his prior Colorado conviction for first degree criminal trespass was a theft offense, warranting the enhancement. The district court properly applied the modified categorical approach because the Colorado statute under which Venzor-Granillo was convicted is ambiguous: it reaches a broad range of conduct, some of which merits the enhancement and some of which does not. The charging document[1] and plea agreement underlying Venzor-Granillo's prior conviction reveal he necessarily admitted all the elements of the generic offense of attempt to commit theft. Therefore, the district court did not err in imposing the sentence enhancement. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **affirms** the sentence imposed by the district court.

## II. Background

Venzor-Granillo pleaded guilty to illegally reentering the United States following a prior removal, in violation of 8 U.S.C. § 1326(a) and (b)(2). The Presentence Investigation Report ("PSR") treated Venzor-Granillo's prior conviction for first degree criminal trespass under Colo. Rev. Stat. § 18-4-502 as

---

[1]The charging document underlying Venzor-Granillo's prior offense is titled "complaint and information." This opinion will refer to this document as the charging document.

an aggravated felony and therefore recommended an eight-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C).[2]  In so doing, however, the PSR recognized that the question whether Venzor-Granillo's prior conviction fell within the definition of aggravated felony was a legal issue for the district court to determine at sentencing.

Venzor-Granillo objected to the application of the eight-level sentence enhancement, claiming his prior conviction did not constitute an aggravated felony.  The Colorado statute under which Venzor-Granillo was convicted states: "A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another or if such person enters any motor vehicle with intent to commit a crime therein."  Colo. Rev. Stat. § 18-4-502.  Venzor-Granillo admitted he was convicted under the latter part of the statute, which criminalizes entering a motor vehicle with intent to commit a crime therein (the "trespass to a motor vehicle" part of the statute). He asserted, however, that a conviction under this part of the statute does not necessarily constitute an aggravated felony.  Moreover, he argued, the district court was prohibited from applying the modified categorical approach and reviewing the charging document and plea agreement underlying his prior

---

[2]Venzor-Granillo was sentenced pursuant to the 2009 version of the Sentencing Guidelines.  Unless otherwise noted, all further references to the Guidelines are to the 2009 version.

conviction to determine whether he was actually convicted of an aggravated felony.

The district court rejected Venzor-Granillo's argument. It determined the modified categorical approach should be applied and reviewed the charging document and plea agreement underlying Venzor-Granillo's prior conviction. These documents showed Venzor-Granillo was charged with, and pleaded guilty to, trespass to a motor vehicle with intent to commit the crime of theft. The district court therefore concluded Venzor-Granillo's prior conviction constituted a theft offense, falling within the definition of aggravated felony and warranting the eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C). *See* U.S.S.G. § 2L1.2 cmt. n.3(A); 8 U.S.C. § 1101(a)(43)(G), (U). The district court sentenced Venzor-Granillo to thirty-six months in prison.

## III. Analysis

This court reviews de novo the district court's conclusion that Venzor-Granillo's prior conviction is an aggravated felony under the Sentencing Guidelines. *United States v. Venegas-Ornelas*, 348 F.3d 1273, 1274 (10th Cir. 2003). In interpreting the Guidelines, this court looks "at the language in the guideline itself, as well as at the interpretative and explanatory commentary to the guideline provided by the Sentencing Commission." *United States v. McConnell*, 605 F.3d 822, 824 (10th Cir. 2010) (quotation omitted). "Commentary to the Guidelines is authoritative unless it violates the Constitution or a federal statute,

or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* (quotations omitted).

## A. The Categorical Approach

U.S.S.G. § 2L1.2(b)(1)(C) requires an eight-level increase in the base offense level of a defendant who unlawfully reenters the United States after a previous removal following a conviction for an aggravated felony. Aggravated felony includes "a theft offense . . . for which the term of imprisonment [is] at least one year" and an attempt to commit a theft offense. 8 U.S.C. § 1101(a)(43)(G), (U); *see also* U.S.S.G. § 2L1.2 cmt. n.3(A). This enhancement provision refers to the generic offenses of theft and attempted theft, *i.e.*, it refers to those offenses as they are generally committed. *Nijhawan v. Holder*, 129 S. Ct. 2294, 2298-99 (2009). Thus, in determining whether a prior conviction warrants an enhancement as a theft offense or attempted theft offense, the court must use the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990), and *Shepard v. United States*, 544 U.S. 13, 25-26 (2005). *Id.*; *see also United States v. Martinez-Hernandez*, 422 F.3d 1084, 1086 (10th Cir. 2005) (stating the categorical approach applies "when the language of the enhancement confines the court's inquiry to the terms of the statute of conviction" (quotation and alteration omitted)). Indeed, several other circuits apply the categorical approach to determine whether a defendant's prior conviction warrants an enhancement as a theft offense or attempted theft offense under § 2L1.2(b)(1)(C)

and 8 U.S.C. § 1101(a)(43)(G) and (U). *See Ngaeth v. Mukasey*, 545 F.3d 796, 800-01 (9th Cir. 2008); *United States v. Martinez-Garcia*, 268 F.3d 460, 464-66 (7th Cir. 2001); *Lopez-Elias v. Reno*, 209 F.3d 788, 791 (5th Cir. 2000); *see also Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 185-86 (2007) ("In determining whether a conviction . . . falls within the scope of a listed offense (*e.g.*, 'theft offense'), the lower courts uniformly have applied" the categorical approach.).

Under the categorical approach, a sentencing court determines whether a prior conviction requires application of a sentence enhancement by "looking not to the particular facts of the prior conviction but to the terms of the underlying statute." *Martinez-Hernandez*, 422 F.3d at 1086; *see also Taylor*, 495 U.S. at 600 (stating that under the categorical approach a court may look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions"). In the case of a generic offense enhancement provision, the categorical approach "requires a comparison of the elements of the relevant state statute with the basic elements of [the generic offense]."[3] *United States v. Barney*, 955 F.2d 635, 638 (10th Cir. 1992). "If the relevant statute is in substantial accord with the [generic offense], the conviction may be used for enhancement purposes." *Id.*; *see also Taylor*, 495 U.S. at 602.

---

[3]The elements of a generic offense are determined based on the offense's "generic, contemporary meaning" or "the generic sense in which the term is now used in the criminal codes of most States." *Taylor v. United States,* 495 U.S. 575, 598 (1990).

**B.      The Modified Categorical Approach**

In certain circumstances, application of the categorical approach requires courts to look beyond the terms of the statute of conviction.  "When the underlying statute reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy" to determine whether the defendant's prior conviction warrants an enhancement.  *Martinez-Hernandez*, 422 F.3d at 1086; *see also Shepard*, 544 U.S. at 26; *Taylor*, 495 U.S. at 599-602.  This process of applying the categorical approach, and if necessary, going beyond the terms of the underlying statute to determine whether the particular defendant's conviction warrants an enhancement, is commonly referred to as the modified categorical approach.  *United States v. Torres-Romero*, 537 F.3d 1155, 1158 (10th Cir. 2008).

Relying on this court's decisions in *United States v. Zuniga-Soto*, 527 F.3d 1110, 1113 (10th Cir. 2008), and *United States v. Herrera*, 286 F. App'x 546, 555 (10th Cir. 2008), Venzor-Granillo argues the sole purpose of the modified categorical approach is to determine which part of a divisible statute was charged against a defendant and, therefore, which part of the statute to examine on its face.  Venzor-Granillo admits that because the Colorado statute he was convicted under criminalizes both trespass to a dwelling and trespass to a motor vehicle, the modified categorical approach can be used to determine which of these parts of

the statute he violated. Thus, he concedes the district court appropriately applied the modified categorical approach to determine he was convicted under the trespass to a motor vehicle part of the statute. He argues, however, the modified categorical approach cannot be further applied to that part, *i.e.*, to determine what crime he intended to commit when he entered the motor vehicle. Therefore, his argument continues, once the district court used the modified categorical approach to determine he was convicted under the trespass to a motor vehicle part of the statute, it was required to abstain from further review of the judicial records underlying his prior conviction, disregard any additional facts those records revealed, and return to the pure categorical approach. Thus, Venzor-Granillo asserts the district court should have compared the elements of the trespass to a motor vehicle part of the statute with the generic definition of theft or attempted theft to determine whether that part of the statute is categorically a theft offense. Had the district court done so, he concludes, it would have discovered that neither theft nor attempted theft is an element of entering a "motor vehicle with intent to commit a crime therein." Ultimately, Venzor-Granillo's position is that because the trespass to a motor vehicle part of the Colorado statute is not categorically a theft offense, his Colorado conviction is not an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C)'s sentence enhancement. We reject this myopic view of the modified categorical approach.

-8-

Venzor-Granillo's reliance on *Zuniga-Soto*, and *Herrera*, is misplaced.  In those decisions this court sought to determine whether a defendant's prior conviction warranted a sentence enhancement as a crime of violence under U.S.S.G. § 2L1.2 because it constituted an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Zuniga-Soto*, 527 F.3d at 1115 (quotation omitted); *Herrera*, 286 F. App'x at 550 (quotation and alteration omitted).  In *Zuniga-Soto*, we determined that § 2L1.2's "as an element" language demands a narrow application of the modified categorical approach:

> Whereas generic offense enhancement provisions, such as the one at issue in *Shepard* and *Taylor*, require that, in some instances, courts look *beyond* the statutory definition of an offense to determine whether a crime committed under [a] broader state statute fits within the narrower federal definition of the generic offense, [§ 2L1.2's "as an element" language] demands that sentencing courts look *at* (and not beyond) the statute of conviction in order to identify the elements of the offense.

*Zuniga-Soto*, 527 F.3d at 1120 (emphasis in original).  Consistent with this focus on the statutory definition of the prior offense, a sentencing court may consult the judicial records approved in *Taylor* and *Shepard*, but only "to determine which part of the statute was charged against the defendant and, thus, which portion of the statute to examine on its face." *Id.* at 1121 (quotations omitted).  This statement in *Zuniga-Soto* makes clear that if the enhancement at issue implicates a generic offense, a sentencing court may look beyond the face of the statute of

conviction to determine whether the elements of the offense the defendant was previously convicted of warrant the enhancement.[4] Indeed, *Zuniga-Soto* specifically acknowledged that the purpose of the modified categorical approach with respect to generic offense enhancement provisions like the one applied to Venzor-Granillo, is to enable the sentencing court to identify those facts that necessarily supported a prior conviction. *See id.* at 1119. Once it has done so, the court can ascertain whether the jury necessarily had to find, or the defendant necessarily admitted, "facts that would also satisfy the definition" of a generic offense enhancement provision. *Id.*

Not only does *Zuniga-Soto* undermine Venzor-Granillo's argument, his position is also foreclosed by this court's decision in *Vargas v. Department of Homeland Security*, 451 F.3d 1105, 1108-09 (10th Cir. 2006). In *Vargas* we concluded the defendant's prior Colorado state conviction for contributing to the delinquency of a minor constituted "sexual abuse of a minor," falling within the definition of "aggravated felony" under 8 U.S.C. § 1101(a)(43)(A). *Id.* at 1106. The Colorado statute under which the defendant pleaded guilty provided: "Any person who induces, aids, or encourages a child to violate any federal or state

---

[4]This conclusion is not inconsistent with the Supreme Court's recent decisions in *Johnson v. United States*, 130 S. Ct. 1265, 1269, 1273 (2010), and *Nijhawan v. Holder*, 129 S. Ct. 2294, 2298-303 (2009). *See United States v. Ventura-Perez*, No. 10-1529, 2012 WL 130716, at *3-6 (10th Cir. Jan. 18, 2012); *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 928-31 (9th Cir. 2011) (en banc).

law, municipal or county ordinance, or court order commits contributing to the delinquency of a minor." *Id.* at 1108-09 (quotation omitted). We noted the statute "encompasses a multitude of crimes, one for each predicate offense that the child might be urged to commit." *Id.* at 1109. Because the statute "reaches a broad range of conduct, some of which would constitute an aggravated felony and some of which would not," we applied the modified categorical approach to "determine whether a particular conviction under the contributing-to-the-delinquency-of-a-minor statute was for sexual abuse of a minor." *Id.* (quotation omitted). In other words, because the statute contained the broad language "federal or state law, municipal or county ordinance, or court order," this court concluded the modified categorical approach should be applied to determine which law the defendant induced the minor to violate and whether that crime warranted the sentence enhancement. *Id.*

Moreover, we pointed out, "the specific predicate offense must be charged and proved as an element of the offense of contributing to the delinquency of a minor." *Id.* Thus, to convict a defendant of contributing to the delinquency of a minor, a jury necessarily has to find, or a defendant has to admit, "a specified predicate offense that the defendant induced, aided, or encouraged the child to violate." *Id.* Accordingly, we upheld the Board of Immigration Appeals's conclusion that the defendant was convicted of an offense that constituted sexual abuse of a minor because the charging document revealed he pleaded guilty to

contributing to the delinquency of a minor by encouraging a child to engage in nonconsensual sexual contact. *Id.* We did not, as Venzor-Granillo argues we must, apply the modified categorical approach to determine which part of the Colorado statute the defendant violated and then examine that part of the statute on its face to determine whether it was categorically sexual abuse of a minor. Indeed, a comparison of the elements present on the face of the relevant part of the applicable statute with the elements of the generic offense of sexual abuse of a minor, shows the statute does not, categorically, constitute sexual abuse of a minor. *Id.*

Two recent circuit court decisions are in accord with the approach this court took in *Vargas. United States v. Aguila-Montes de Oca*, 655 F.3d 915, 927-28 (9th Cir. 2011) (en banc); *United States v. Fife*, 624 F.3d 441, 446 (7th Cir. 2010). In *Fife*, the Seventh Circuit held a defendant's prior Illinois conviction for armed violence constituted a violent offense for purposes of the Armed Career Criminal Act. 624 F.3d at 449. The statute of conviction at issue was violated if, "while armed with a dangerous weapon, a person 'commits *any felony* defined by Illinois Law.'" *Id.* at 444 (emphasis added). The Seventh Circuit concluded this statute should be examined under the modified categorical approach:

> Fife's assertion that we are limited to the language of the statute without consideration of the felony involved is inconsistent with our cases concerning the modified categorical approach. By defining the crime of armed violence as the commission of a felony while armed with a dangerous weapon, the statute necessarily establishes multiple

modes of commission of the crime, dependent upon the underlying felony. There is no need that each potential felony be explicitly listed and separately enumerated as a subsection, because the practical effect is the same. In either scenario, [the modified categorical approach applies,] not because each subcategory is separately listed, but because [the statute] by its terms . . . creates several crimes or a single crime with several modes of commission.

*Id.* at 446.

Similarly, in *Aguila-Montes de Oca*, the Ninth Circuit, sitting en banc, held the modified categorical approach should be applied to any statute of conviction that is categorically broader than the generic offense. 655 F.3d at 940. In so holding, the court determined that statutes which "simply substitute a shorthand phrase for a list of acts or objects covered by that phrase [are] . . . not meaningfully different" from statutes which list every kind of act or object covered under the statute. *Id.* at 927. The only conceptual difference is that the latter statutes create an *explicitly* finite list of possible means of commission, while the former create an *implied* list of every means of commission that otherwise fits the definition of the crime. *Id.* Thus, the Ninth Circuit held that a statute that uses the word "'weapon' as an element is not analytically different from [a statute] creating a list of all conceivable weapons." *Id.* Because someone convicted of assault with a "weapon" may have used a gun, the sentencing court may look to trusted court documents "to determine if the trier of fact was actually required to find that the defendant used a gun." *Id.*; *see also id.* at 937 ("[T]he modified categorical approach asks what facts the conviction 'necessarily rested'

-13-

on in light of the theory of the case as revealed in the relevant *Shepard* documents, and whether these facts satisfy the elements of the generic offense.").

In sum, the modified categorical approach applies whenever a statute of conviction is ambiguous because it "reaches a broad range of conduct, some of which merits an enhancement and some of which does not." *Martinez-Hernandez*, 422 F.3d at 1086; *see also Shepard*, 544 U.S. at 20-21; *Taylor*, 495 U.S. at 599-602. The purpose, at least with respect to generic offense enhancement provisions, is to enable the sentencing court to determine whether the jury necessarily had to find, or the defendant necessarily admitted, all the elements of the generic offense before it imposes a sentence enhancement based on a prior conviction. *Shepard*, 544 U.S. at 26; *Taylor*, 495 U.S. at 602.

## C. Applying the Modified Categorical Approach to This Case

The trespass to a motor vehicle part of the Colorado statute under which Venzor-Granillo was convicted criminalizes entering "any motor vehicle with intent to commit a *crime* therein." Colo. Rev. Stat. § 18-4-502 (emphasis added). The word "crime" includes one of any number of offenses, including theft offenses or attempted theft offenses. Thus, the statute is ambiguous because it "reaches a broad range of conduct, some of which merits an enhancement and some of which does not." *Martinez-Hernandez*, 422 F.3d at 1086; *see also Shepard*, 544 U.S. at 20-21; *Taylor*, 495 U.S. at 599-602; *Vargas*, 451 F.3d at 1108-09.

-14-

Moreover, Colorado law requires the ulterior offense to be charged and proved as an element of the statutory offense of first degree trespass. *See People v. Williams*, 984 P.2d 56, 59, 65 (Colo. 1999); *People v. Archuleta*, 554 P.2d 307, 310 (Colo. 1976). Thus, to support a conviction, a Colorado jury necessarily has to find, or a defendant has to admit, all the elements of the predicate offense to convict. *See Vargas*, 451 F.3d at 1108-09. The modified categorical approach can therefore be applied to determine what crime the defendant intended to commit when he entered the motor vehicle and whether the elements of that crime satisfy the elements of a generic offense set forth in an enhancement provision. *Shepard*, 544 U.S. at 26*; Taylor*, 495 U.S. at 602.

In this case, the district court appropriately applied the modified categorical approach. It looked, not only to the definition of the statute of conviction, but also to the charging document and plea agreement to see what crime Venzor-Granillo intended to commit when he entered the motor vehicle. Both the charging document and the plea agreement reveal Venzor-Granillo was convicted of knowingly and unlawfully entering a motor vehicle "with intent to commit therein the crime of THEFT; in violation of section 18-4-502, C.R.S." Moreover, Venzor-Granillo's plea agreement states: "'Theft' means to knowingly take the property of another with intent to permanently deprive the rightful owner of the use or benefit of that property; it means to steal another person[s] property."

-15-

A comparison of the elements of Venzor-Granillo's conviction for first degree criminal trespass with the elements of the generic definition of attempt to commit a theft offense shows that Venzor-Granillo necessarily admitted all the elements of the generic crime of attempt to commit theft.[5] The generic definition of "theft offense," as it is used in 8 U.S.C. § 1101(a)(43)(G), "is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *United States v. Vasquez-Flores*, 265 F.3d 1122, 1125 (10th Cir. 2001) (quotation omitted). And the generic definition of "attempt" is an intent to commit a crime and the commission of an act which constitutes a substantial step toward commission of that crime. *See United States v. Cornelio-Pena*, 435 F.3d 1279, 1286 (10th Cir. 2006). Thus, the elements of the offense Venzor-Granillo pleaded guilty to, as set forth in his plea agreement, substantially correspond to the elements of the generic offense of attempt to commit theft. *See Ngaeth v. Mukasey*, 545 F.3d 796, 800-02 (9th Cir. 2008) (applying the modified categorical approach to conclude a conviction under a similar statute for burglary of a vehicle qualified as a conviction for an attempted theft offense, and therefore an aggravated felony, warranting a sentence

---

[5]Venzor-Granillo does not assert the district court erred in interpreting the charging document and plea agreement underlying his prior Colorado conviction, which, he admits, "unquestionably reveal" that his conviction, factually speaking, amounted to at least an attempted theft offense.

enhancement); *United States v. Alfaro-Gramajo*, 283 F. App'x 677, 679-81 (11th Cir. 2008) (unpublished) (same); *United States v. Martinez-Garcia*, 268 F.3d 460, 466 (7th Cir. 2001) (same); *Lopez-Elias v. Reno*, 209 F.3d 788, 792-93 (5th Cir. 2000) (same).

In sum, the part of the Colorado statute under which Venzor-Granillo was convicted criminalizes both the generic offense of attempt to commit theft as well as numerous other offenses, warranting application of the modified categorical approach. A review of the charging document and plea agreement underlying Venzor-Granillo's prior conviction reveals he necessarily admitted all the elements of the generic offense of attempt to commit theft. Thus, the district court did not err in concluding Venzor-Granillo's prior conviction constituted an attempt to commit a theft offense, meriting the imposition of the eight-level sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(C).

## IV. Conclusion

For the foregoing reasons, we **affirm** Venzor-Granillo's sentence.