FILED
United States Court of Appeals
Tenth Circuit

September 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RICKY NAVARRO, a/k/a Elvin
Manuel Monge,

     Defendant-Appellant.

No. 13-1078
(D.Ct. No. 1:12-CR-00307-WYD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Appellant Ricky Navarro pled guilty to one count of illegal reentry of a

removed alien subsequent to a conviction for an aggravated felony in violation of

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

8 U.S.C. § 1326(a) and (b)(2). He now appeals his thirty-month sentence on grounds the district court erred in applying an eight-level enhancement for his prior felony trespass conviction, which he contends it improperly treated as an aggravated felony theft after applying a categorical approach or modified categorical approach. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Navarro's sentence.

## I. Factual and Procedural Background

Mr. Navarro, a citizen of Honduras, pled guilty in 2005 in the State of Colorado to a felony offense of "conspiracy to commit first degree criminal trespass-Motor Vehicle," in violation of Colorado Revised Statute §§ 18-2-101 and 18-4-502, and received a sentence of imprisonment of one year. Several years later, on July 8, 2012, immigration authorities discovered Mr. Navarro illegally in this country. An indictment issued, charging Mr. Navarro with illegal reentry of an alien after deportation and notifying him of an enhanced penalty because his reentry was subsequent to a conviction for an aggravated felony. In a written plea agreement, prepared in both English and Spanish, Mr. Navarro agreed to plead guilty to violating 8 U.S.C. § 1326(a) and (b)(2) for "illegal reentry of a previously removed alien following an aggravated felony conviction." However, the parties further agreed his prior conviction for an aggravated felony would be a sentencing factor, rather than an essential element of his conviction. He further stipulated:

-2-

On January 27, 2006, [I] was convicted of conspiracy to commit first degree criminal trespass, in violation of [Colorado Revised Statute §§] 18-2-101 and 18-4-502. During the plea hearing related to that conviction, [I] acknowledged the elements of conspiracy and also of first degree criminal trespass. *[I] admitted the element of trespass included that [I] knowingly entered a motor vehicle with the intent to steal anything of value.* [I] was sentenced to serve one year of imprisonment.

At the plea hearing, Mr. Navarro also stated he had read the stipulated facts and agreed with them.

Following the district court's acceptance of Mr. Navarro's plea agreement, a probation officer prepared a presentence report, calculating his sentence under the applicable 2012 United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") and reiterating the stipulated facts and admissions contained in the plea agreement, including Mr. Navarro's admission he knowingly entered a motor vehicle with the intent to "steal anything of value." Based on such stipulations and admissions, the probation officer set Mr. Navarro's base offense level at 8, pursuant to U.S.S.G. § 2L1.2(a), based on his crime of illegal reentry and increased it eight levels, pursuant to § 2L1.2(b)(1)(C), for his prior aggravated felony conviction for first-degree criminal trespass of a motor vehicle. The probation officer then provided a three-level reduction for Mr. Navarro's acceptance of responsibility, for a total offense level of 13, which, together with a criminal history category of V, resulted in an advisory Guidelines range of thirty to thirty-seven months imprisonment.

Prior to and at the sentencing hearing, neither party filed objections to the presentence report. In arguing for a low-Guidelines-range sentence during the sentencing hearing, Mr. Navarro's counsel stated "a sentence of thirty months is appropriate and will satisfy the conditions of [18 U.S.C. §] 3553(a)." Neither his counsel nor Mr. Navarro, during his allocution, objected to the district court treating his prior conviction as an aggravated felony under § 2L1.2(b)(1)(C). After adopting the un-objected-to factual statements and Guidelines calculations in the presentence report, the district court imposed a sentence at the low end of the Guidelines range, as requested, of thirty months imprisonment.

## II. Discussion

On appeal, Mr. Navarro claims for the first time the district court erred in applying an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) for an aggravated felony, based on his Colorado trespass conviction, and that in so doing it "evidently used the modified categorical approach." In contesting the district court's application of the modified categorical approach, Mr. Navarro contends the Colorado trespass statute is divisible into a dwelling prong and a vehicle prong, "allowing the district court to use the modified categorical approach to determine that [his] conviction involved the vehicle prong," but that the vehicle prong "is not further divisible" and requires only the intent to commit "a crime" at the time the vehicle is entered. Accordingly, to him, this leaves an inquiry on whether "'a crime' is categorically a theft offense," which he claims it is not.

-4-

Despite this argument, Mr. Navarro concedes his argument is foreclosed by our decision in *United States v. Venzor-Granillo*, 668 F.3d 1224 (10th Cir. 2012), which involved the same vehicle prong of the same Colorado statute, but he advises he is raising the argument for the purpose of preserving it.

Generally, in determining whether the district court properly calculated a defendant's sentence, we review its legal conclusions de novo and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*). However, when a defendant fails to raise such an argument in the district court, we review for plain error. *See United States v. Ventura-Perez*, 666 F.3d 670, 674 (10th Cir. 2012). To establish plain error, the defendant has the burden of establishing: (1) an error occurred; (2) that was plain; and (3) which affected his substantial rights. *Id.* If these conditions are met, he must show the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Turning to the applicable legal principles, "aggravated felony" is defined under the Guidelines and statutory law to include, in part, a "theft offense," including receipt of stolen property, or a "burglary offense," for which the term of imprisonment is at least one year. *See* 8 U.S.C. § 1101(a)(43); U.S.S.G. § 2L1.2(b)(1)(C) cmt. n.3(A). Generally, when a defendant contests whether his prior conviction is an "aggravated felony," courts take a categorical approach by looking only to the fact of the conviction and the statutory definition of that prior

-5-

offense.  *See United States v. Hernandez-Rodriguez*, 388 F.3d 779, 782 (10th Cir. 2004) (relying on *Taylor v. United States,* 495 U.S. 575, 602 (1990)).  However, where the statute involves conduct which may or may not encompass conduct constituting an aggravated felony, an exception exists allowing the district court to "look to the charging paper and judgment of conviction" to determine if the actual offense the defendant was convicted of qualifies as a violent or an aggravated felony.  *Id.* at 782-83 (internal quotation marks omitted).  This exception is considered a modified categorical approach.  *Ventura-Perez*, 666 F.3d at 673.  In applying a modified categorical approach to determine if the prior offense warrants an enhancement, "a court is 'generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'"  *United States v. Austin*, 426 F.3d 1266 1270-71 (2005) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).  The purpose of this modified categorical approach "is to enable the sentencing court to identify those facts that necessarily supported a prior conviction," including "whether the jury necessarily had to find, or the defendant necessarily admitted, facts" satisfying the definition or elements of the offense for which an enhancement may be given. *Venzor-Granillo*, 668 F.3d at 1229, 1231.

Turning to the statute at issue, Colorado Revised Statute § 18-4-502 states, "A person commits the crime of first degree criminal trespass if such person

knowingly and unlawfully enters or remains in a dwelling of another or if such person enters any motor vehicle with intent to commit a crime therein." As Mr. Navarro points out, we have previously considered whether a prior conviction for trespass of a vehicle under this statute constitutes an aggravated felony by applying the modified categorical approach to determine if the generic word "crime" in the trespass of the motor vehicle prong included a theft offense. *See Venzor-Granillo*, 668 F.3d at 1226-27. In that case, both the prior conviction charging document and the plea agreement revealed the defendant received a conviction for entering a motor vehicle "with intent to commit therein the crime of THEFT." *Id.* at 1232. We determined the defendant necessarily admitted all the elements of attempted theft, as used in 8 U.S.C. § 1101(a)(43)(G) concerning aggravated crimes, because theft "is a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Id.* (internal quotation marks omitted).

While the facts in this case are similar, the sentencing judge here was not required to apply the modified categorical approach. This is because Mr. Navarro admitted in his instant plea agreement he was previously "convicted of conspiracy to commit first degree criminal trespass, in violation of [Colorado Revised Statute §§] 18-2-101 and 18-4-502" and that "[d]uring the plea hearing related to that conviction, [he] acknowledged the elements of conspiracy and also of first degree

criminal trespass" and *"admitted the elements of trespass included that he knowingly entered a motor vehicle with the intent to *steal* anything of value"* and "was sentenced to serve one year of imprisonment." Therefore, Mr. Navarro did not admit to some generic crime requiring a categorical or modified categorical approach, but to an intent to steal, which certainly, like "theft," involves the taking of property without consent with the criminal intent to deprive the owner of it.[1] As a result, Mr. Navarro admitted in the instant proceeding all the elements of the crime of theft necessary for a Guidelines enhancement for aggravated felony under 8 U.S.C. § 1101(a)(43)(G) and U.S.S.G. § 2L1.2(b)(1)(C). Alternatively, even if we or the sentencing court applied a modified categorical approach, we would arrive at the same conclusion, given Mr. Navarro's same admission that "he knowingly entered a motor vehicle with the intent to steal anything of value." *See Venzor-Granillo*, 668 F.3d at 1232-33.

Given Mr. Navarro's admissions and stipulations in the plea agreement, the district court reasonably concluded Mr. Navarro's prior Colorado trespass conviction constituted an "aggravated felony," and it did not commit any error, plain or otherwise, in making such a finding and applying the eight-level enhancement. Because the district court properly calculated Mr. Navarro's

---

[1] To steal is defined as taking something from one in lawful possession, without right, and with the intention to wrongfully keep. *See Morissette v. United States*, 342 U.S. 246, 272 (1952); *United States v. Hill*, 835 F.2d 759, 763 (10th Cir. 1987).

sentence and sentenced him within the applicable Guidelines range, his sentence is presumptively reasonable, and he has not otherwise rebutted this presumption by demonstrating his sentence is unreasonable in light of the sentencing factors in § 3553(a).  *See Kristl*, 437 F.3d at 1053-54.  Indeed, Mr. Navarro received the very term of imprisonment he requested.

### III.  Conclusion

For these reasons, we **AFFIRM** Mr. Navarro's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge