FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ANGEL LUGO-TOVAR,

    Defendant - Appellant.

No. 16-6259
(D.C. No. 5:16-CR-00065-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Mr. Jose Angel Lugo-Tovar is a criminal defendant who appeals his sentence. But his counsel has determined that all potential appellate arguments would be frivolous and moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court allowed defense counsel to request permission to withdraw after determining that any appeal would be frivolous. 386 U.S. at 744. We agree with defense

---

[*] The parties do not request oral argument, and it would not materially help us to decide this appeal. As a result, we decide the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

counsel that all potential grounds for appeal would be frivolous. We therefore dismiss the appeal and grant defense counsel's motion to withdraw.

## I. Background

Mr. Lugo-Tovar was convicted of illegal reentry. 8 U.S.C. § 1326(a). The district court thus considered what sentence to impose with the input of a probation officer. The probation officer prepared a presentence report, which arrived at a guideline range of 33 to 41 months. No one objected to the report, and the district court agreed with the probation officer's calculation of the guideline range. This guideline range was based in part on an eight-level enhancement for a prior conviction of an aggravated felony. The offense underlying that conviction was receipt of stolen property under Oklahoma law (Okla. Stat. tit. 21 § 1713). Mr. Lugo-Tovar challenges the sentence on procedural grounds.

## II. Standard of Review

He did not object in district court to any procedural irregularities in the determination of the sentence. We therefore review Mr. Lugo-Tovar's procedural challenges under the plain-error standard. *See United States v. Sharp*, 749 F.3d 1267, 1291 (10th Cir. 2014).

## III. The Arguments Involving *Johnson* and *Mathis*

In his pro se response to the *Anders* brief, Mr. Lugo-Tovar seeks to preserve his right to challenge characterization of his past offense as an

2

aggravated felony, relying on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016). Mr. Lugo-Tovar does not articulate an argument for why he believes these opinions could alter his sentence, and we cannot act as advocates for any party. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (holding that "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

Without any direction from Mr. Lugo-Tovar, we do not see how *Johnson* or *Mathis* could affect the sentence. *Johnson* addressed a vagueness challenge, and *Mathis* addressed the distinction between the means and elements for a given crime. *Johnson v. United States,* ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015); *Mathis v. United States,* ___ U.S. ___, 136 S. Ct. 2243, 2247-48 (2016). These issues do not bear any obvious relevance to the sentencing of Mr. Lugo-Tovar.

He may be referring to the eight-level enhancement for a prior conviction of an aggravated felony. *See* U.S.S.G. § 2L1.2(b)(1)(C) (2015). The 2015 guideline commentary defines the term "aggravated felony based on 8 U.S.C. § 1101(a)(43)." *See id*. comment 3. There the term "aggravated felony" is defined to include a theft offense such as the receipt of stolen property. 8 U.S.C. § 1101(a)(43). In light of this definition, we consider

3

whether the district court plainly erred by treating Mr. Lugo-Tovar's crime as a theft offense.

We must determine whether the elements of the generic offense match the state crime underlying Mr. Lugo-Tovar's past conviction. *See United States v. Maldonado-Palma*, 839 F.3d 1244, 1246-47 (10th Cir. 2016). The past conviction involved receipt of stolen property, and the 2015 guidelines specify an eight-level enhancement for a past felony conviction of a "theft offense (including receipt of stolen property)." *See* p. 3, above. This term is defined broadly and is not limited to crimes involving theft. *United States v. Vasquez-Flores*, 265 F.3d 1122, 1124 (10th Cir. 2001). If the elements of the generic theft offense match the elements of receipt of stolen property, an Oklahoma conviction for receipt of stolen property would constitute an aggravated felony and trigger the eight-level enhancement.

Under Oklahoma law, the elements of receipt of stolen property were that

- the property had been stolen and

- the defendant bought or received the property, knowing that it has been stolen.

*Gentry v. State*, 562 P.2d 1170, 1174 (Okla. Crim. App. 1977). The elements of the generic counterpart—"a theft offense (including receipt of stolen property)"—are

4

- the taking or control of property without the owner's consent and

- the criminal intent to deprive the owner of the rights and benefits of ownership.

*United States v. Venzor-Granillo*, 668 F.3d 1224, 1232 (10th Cir. 2012). We cannot see how any conduct satisfying the state offense's elements would fall outside the generic offense. Because the state offense matches the generic form of the offense, an eight-level enhancement applies. *See id.*

This enhancement would not implicate a question of vagueness (the subject of *Johnson*) or suggest the need to differentiate between a crime's means and elements (the subject of *Mathis*). *See United States v. Snyder*, 871 F.3d 1122, 1130 (10th Cir. 2017) (distinguishing between *Johnson* claims and claims involving classification of a crime as an enumerated offense); *United States v. Pam*, 867 F.3d 1191, 1203 (10th Cir. 2017) (stating that relief under *Johnson* is available only if the unconstitutional residual clause contributed to the sentence enhancement, not if the enhancement resulted from the enumerated-offense clause). Thus, the district court did not plainly err by failing to consider *Johnson* or *Mathis*.

## IV. Request for Abeyance

Mr. Lugo-Tovar also asks us to abate his appeal pending the Supreme Court's decision in *Sessions v. Dimaya*, *cert. granted sub nom. Lynch v. Dimaya*, ___ U.S. ___, 137 S. Ct. 31, 2016 WL 3232911 (Sept. 29, 2016). We decline this request because the eventual opinion in *Dimaya* will

5

probably not affect Mr. Lugo-Tovar. In *Dimaya*, the Supreme Court granted certiorari on the constitutional validity of the residual clause in 8 U.S.C. § 16(b). Section 16(b) was not applied to Mr. Lugo-Tovar. Thus, *Dimaya* will likely not affect Mr. Lugo-Tovar's sentence.

## V. Disposition

We have considered defense counsel's *Anders* brief, Mr. Lugo-Tovar's pro se brief, and the record. Having done so, we conclude that all potential appeal points would be frivolous. Accordingly, we dismiss this appeal, deny Mr. Lugo-Tovar's request to abate the appeal, and grant defense counsel's request to withdraw.

Entered for the Court


Robert E. Bacharach
Circuit Judge

6