**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BUNTY NGAETH,

*Petitioner,*

v.

MICHAEL B. MUKASEY,* Attorney
General,

*Respondent.*

No. 04-71732

Agency No.
A25-076-631

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals.

Argued and Submitted
May 13, 2008—Pasadena, California

Filed September 24, 2008

Before: Barry G. Silverman and Marsha S. Berzon,
Circuit Judges, and Roger T. Benitez,** District Judge.

Per Curiam Opinion

---

*Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

**The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

## COUNSEL

Bill Waddell, Law Office of Bill Waddell, San Diego, California, for the petitioner.

Jeffrey J. Bernstein and Jem C. Sponzo, United States Department of Justice, Civil Division, Washington, D.C., for the respondent.

---

**OPINION**

PER CURIAM:

Bunty Ngaeth[1] petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. He argues that the BIA erred in holding that his burglary conviction could be classified as an attempted theft offense, qualifying him as an aggravated felon under the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1101(43)(G), (U). We have jurisdiction under 8 U.S.C. § 1252, and we deny the Petition.

## I. BACKGROUND

Ngaeth is a native and citizen of Cambodia. He was admitted to the United States as a refugee in 1980 and became a lawful permanent resident in 1982. On October 2, 1992, Ngaeth pled guilty to a second-degree burglary in violation of section 459 of the California Penal Code and received a one-year sentence. Section 459 provides, in pertinent part:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel . . . , floating home . . . , railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach . . . , any house car . . . , inhabited camper . . . , vehicle . . . when the doors are locked, aircraft . . . , or mine or any underground portion

---

[1]Ngaeth's first name was misspelled as "Bunny" on his immigration documents. We hereby amend the caption to reflect the proper spelling.

> thereof, with intent to commit grand or petit larceny
> or any felony is guilty of burglary.

Ngaeth pled specifically to one count of "enter[ing] a locked
motor vehicle . . . with the intent to commit theft."

On April 7, 1999, the government served Ngaeth with a
Notice to Appear ("NTA"), charging him with removability
as an alien convicted of an aggravated felony. The NTA was
later amended to allege that the aggravated felony was a "theft
. . . or burglary offense." *See* 8 U.S.C. § 1101(a)(43)(G)
(defining "aggravated felony" as "a theft . . . or burglary
offense for which the term of imprisonment [is] at least one
year").[2] Ngaeth claimed he was not removable because vehic-
ular burglary under section 459 of the California Penal Code
was not a burglary offense or a crime of violence under *Ye v.
I.N.S.*, 214 F.3d 1128, 1131-34 (9th Cir. 2000), and because
it was not a theft offense. But the immigration judge ("IJ")
concluded that Ngaeth's conviction for entering a locked
vehicle "with the intent to commit theft" was an attempted
theft offense, and, therefore, an aggravated felony under 8
U.S.C. § 1101(a)(43)(U).

Ngaeth appealed to the BIA. The BIA initially remanded
the case to the IJ to address the availability of relief in light
of *INS v. St. Cyr*, 533 U.S. 289 (2001). Ngaeth did not appear
at two hearings on remand and was ordered removed *in
absentia*. He moved to reopen, claiming that: (1) he had not

---

[2]Despite amending the NTA several times, the government only
charged Ngaeth with removability pursuant to subsection (G) of
§ 1101(a)(43), omitting subsection (U) from the NTA. But, as Ngaeth con-
ceded at the oral argument, he did not challenge the defective NTA before
the BIA, and so has not exhausted any notice issues arising from the NTA.
*See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th
Cir. 2004). Furthermore, Ngaeth chose to forego an opportunity to chal-
lenge an apparent deficiency in the NTA after the BIA remanded his case
to the IJ for further proceedings on an unrelated issue. We, therefore,
decline to address the notice issue in this Opinion.

been removed on the basis of "clear, unequivocal, and convincing evidence," *see* 8 U.S.C. § 1229a(b)(5); and that (2) his conviction did not constitute an aggravated felony. The IJ declined to reopen, and the BIA affirmed. This Petition followed.

## II. STANDARD OF REVIEW

We have jurisdiction to review final orders of removal for commission of an aggravated felony and motions to reopen such orders, "to the extent that the petition for review raises constitutional claims or questions of law." *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 872 (9th Cir. 2008) (citing 8 U.S.C. § 1252(a)(2)(C)-(D)); *see Ghahremani v. Gonzales*, 498 F.3d 993, 998 & n.5 (9th Cir. 2007) (applying this jurisdictional analysis to a motion to reopen). "We review the BIA's ruling on the motion to reopen for an abuse of discretion and will reverse the denial of the motion to reopen only if the BIA acted arbitrarily, irrationally, or contrary to law." *See Nath v. Gonzales*, 467 F.3d 1185, 1187 (9th Cir. 2006) (internal quotation marks omitted) (reviewing, on this standard, the denial of a motion to reopen premised on the legal adequacy of the petitioner's convictions as the basis for removal).

It would be contrary to law to remove Ngaeth if he did not commit an aggravated felony offense. We review *de novo* whether a particular offense is an "aggravated felony" under the INA. *Vizcarra-Ayala*, 514 F.3d at 873; *Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1221 (9th Cir. 2004).

## III. DISCUSSION

Ngaeth raises only one issue on appeal: That the IJ and the BIA erred in concluding that he is an aggravated felon. Specifically, he claims that his conviction for burglary does not amount to an "aggravated felony" under the INA. Ngaeth continues to rely on *Ye v. INS*, which holds that a section 459 vehicular burglary conviction is neither a burglary offense nor

a crime of violence (which are both aggravated felonies under the INA). *See Ye*, 214 F.3d at 1131-34. *Ye* left unanswered, however, whether a section 459 conviction nevertheless constitutes an attempted theft offense for purposes of the aggravated felony definition provided in 8 U.S.C. § 1101(a)(43)(U).

**[1]** The two circuits that have addressed this issue have both concluded, or suggested, that a vehicular burglary can qualify as an attempted theft offense under the INA. *See United States v. Martinez-Garcia*, 268 F.3d 460, 462 (7th Cir. 2001), *cert. denied*, 534 U.S. 1149 (2002); *Lopez-Elias v. Reno*, 209 F.3d 788, 792 n.7 (5th Cir. 2000), *cert. denied*, 531 U.S. 1069 (2001). As discussed below, our analysis under *Taylor v. United States*, 495 U.S. 575, 602 (1990), compels a similar result in this case.

## A. *Taylor*'s Categorical Approach

Under the categorical approach first articulated in *Taylor*, an offense is an aggravated felony if "the full range of conduct covered by the [criminal statute] falls within the meaning" of the relevant definition of an aggravated felony. *Penuliar v. Mukasey*, 528 F.3d 603, 608 (9th Cir. 2008) (quoting *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir. 2002)). Thus we must decide whether section 459 categorically describes an attempted theft offense under *Taylor*. The generic definition of "theft offense" as it is used in section 1101(a)(43)(G) of the INA is "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Penuliar*, 528 F.3d at 611 (citing *United States v. Vidal*, 504 F.3d 1072, 1077 (9th Cir. 2007) (en banc)).

**[2]** We have not previously stated a generic definition of "attempt" for the purposes of 8 U.S.C. § 1101(a)(43)(U), although we have sometimes made references to that aggra-

vated felony category. *See*, *e.g.*, *Rebilas v. Mukasey*, 527 F.3d 783, 787 (9th Cir. 2008); *Kharana v. Gonzales,* 487 F.3d 1280, 1282 n.3 (9th Cir. 2007); *Li v. Ashcroft*, 399 F.3d 892, 896 n.8 (9th Cir. 2004). In the sentencing context, we generically define "attempt" as containing two elements: "(1) an intent to engage in criminal conduct, coupled with (2) an overt act constituting a substantial step toward the commission of the crime." *United States v. Morales-Perez*, 467 F.3d 1219, 1222 (9th Cir. 2006). This definition is consistent with that used in the immigration context by the Second and Seventh Circuits, *see Martinez-Garcia*, 268 F.3d at 465; *Sui v. INS*, 250 F.3d 105, 115 (2d Cir. 2001), and we employ it here.

**[3]** In this case, then, section 459 describes an attempted theft offense if it criminalizes an intent to commit a theft offense, of the sort generically defined by *Penuliar* and earlier cases, coupled with an overt act constituting a substantial step towards the commission of the offense. Applying this definition, we hold that section 459 does not categorically define an attempted theft offense. It "reaches both conduct that would constitute an aggravated felony and conduct that would not." *See Penuliar*, 528 F.3d at 608; *Ye*, 214 F.3d at 1133.

We need not look far to so determine. Section 459 may be violated by an attempt to commit a crime other than theft — for example, by breaking into a vehicle with the intent to commit arson. Obviously, such a crime has nothing to do with attempted theft. "[W]here, as here, the state statute plainly and specifically criminalizes conduct outside the contours of the federal definition, we do not engage in judicial prestidigitation by concluding that the statute 'creates a crime outside the generic definition of a listed crime.' " *Cerezo v. Mukasey*, 512 F.3d 1163, 1167 (9th Cir. 2008) (quoting *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007); *see also Vidal*, 504 F.3d at 1082. In sum, section 459 does not categorically define an attempted theft offense under 8 U.S.C. § 1101(43)(U). *Cf. Morales-Perez*, 467 F.3d at 1222.

### B. *Taylor*'s Modified Categorical Approach

**[4]** "Where a state statute is categorically broader than the generic definition of a crime, we employ a modified categorical approach." *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007) (en banc). Under this approach, we conduct "a limited examination of documents in the record of conviction to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime," without reviewing the particular facts underlying the conviction. *Chang*, 307 F.3d at 1189.

We must first determine whether Ngaeth's conviction contains the elements of attempted theft. The Fifth and Seventh Circuits, considering similar statutes, have so indicated. *See Martinez-Garcia*, 268 F.3d at 462; *Lopez-Elias*, 209 F.3d at 792 n.7.

In *Lopez-Elias v. Reno*, the petitioner was charged with vehicular burglary with the intent to commit theft. *See Lopez-Elias*, 209 F.3d at 792 n.7. The Fifth Circuit held that the petitioner had not actually committed a theft offense, because he pled guilty to having an *intent* to commit theft but not to having stolen anything. *Id.* at 792. The court noted, however, that the petitioner "could have been removed . . . based alternatively on the theory that burglary of a vehicle with *intent to commit theft* is tantamount to an *offense of attempted theft*." *Id.* at 792 n.7 (emphasis in original).

In *Martinez-Garcia*, the petitioner pled guilty to vehicular burglary, admitting that he "without authority, knowingly entered a motor vehicle . . . with the intent to commit therein a theft." *Martinez-Garcia*, 268 F.3d at 462. In the Seventh Circuit's view, this conduct was "a substantial step toward the commission of the theft." *Id.* at 466. The conviction was, therefore, an attempted theft offense and thus an aggravated felony.

**[5]** We agree with the reasoning of our sister circuits. *Cf. Ferreira v. Ashcroft*, 382 F.3d 1045, 1050 (9th Cir. 2004) (noting that, "[i]n the immigration context, . . . the need for national uniformity is paramount"). Although we are mindful of the Second Circuit's warning that inchoate crimes like attempt are highly fact-specific, with the result that many will not be amenable to categorical analysis, *see Sui*, 250 F.3d at 119, it is clear that entering a "vehicle . . . when the doors are locked," Cal. Penal Code § 459, clearly constitutes a substantial step towards committing a theft. When that entry is committed with an intent to "commit grand or petit larceny," as the statute provides, our generic definition of attempted theft is satisfied. We, therefore, hold that a conviction for entering a locked vehicle with the intent to commit theft constitutes an attempted theft offense for purposes of the aggravated felony definition.

**[6]** Having held that entering a locked vehicle with intent to commit theft is an attempted theft offense, we must now determine whether Ngaeth pled to those elements of section 459. *See Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 888 (9th Cir. 2003) (noting that "charging documents in combination with a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding, and the judgment may suffice to document the elements of conviction" under the modified categorical approach). Ngaeth pled guilty to Count 1 of the criminal complaint, which provided, in pertinent part, that he "enter[ed] a locked motor vehicle, . . . with the intent to commit theft, in violation of Penal Code Section 459." Ngaeth further admitted the facts supporting this specific charge in his written plea and waiver-of-right form.

**[7]** We have the "defendant's own admissions . . . [to] confirm[ ] the factual basis for a valid plea" to the elements of the generic offense of attempted theft. *See Penuliar*, 523 F.3d at 971 (quoting *Vidal*, 504 F.3d at 1088-89). Ngaeth is, therefore, an aggravated felon under the modified categorical approach.

## IV.   CONCLUSION

[8] We conclude that Ngaeth is removable for having committed the aggravated felony offense of attempted theft. Accordingly, we deny his Petition.

PETITION DENIED.