**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDUARDO O. STOCKER-MUNOZ,

Petitioner,

v.

MICHAEL B. MUKASEY, Attorney
General,

Respondent.

No. 05-70218

Agency No. A26-019-086

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2008
Pasadena, California

Submission withdrawn October 22, 2008
Resubmitted July 20, 2010

Before:    W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,[**]
           District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Petitioner Eduardo Stocker-Munoz, a native and citizen of Chile, petitions for review of an order of removal.

The IJ found that Stocker-Munoz's conviction for attempted bank fraud under 18 U.S.C. § 1344 was an "aggravated felony" under INA § 101(a)(43)(U), 8 U.S.C. § 1101(a)(43)(U), because it constituted an attempt to commit a fraud or deceit that would deprive the victim of more than $10,000. We review this determination de novo. *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000). The IJ also denied Stocker-Munoz's claims for withholding of removal and relief under the Convention Against Torture ("CAT"). We review this decision for substantial evidence. *Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004).

We apply the modified categorical approach to Stocker-Munoz's conviction for bank fraud to determine whether the conviction qualifies as an aggravated felony. *See Taylor v. United States*, 495 U.S. 575, 602 (1990); *Kawashima v. Holder*, 593 F.3d 979, 985 (9th Cir. 2010). The indictment charges that Stocker-Munoz, with criminal intent, passed fraudulent checks with values much greater than $10,000. The jury forms indicate that the jury found Stocker-Munoz "guilty as charged."

The jury found Stocker-Munoz guilty of both elements of the generic definition of attempt: (1) criminal intent and (2) an overt act that constituted a

2

substantial step towards the completion of the fraud. *See Ngaeth v. Mukasey*, 545 F.3d 796, 801 (9th Cir. 2008). The IJ followed "fundamentally fair procedures" in relying on the indictment and jury forms to conclude that Stocker-Munoz was convicted of an attempt to defraud more than $10,000. *See Kawashima v. Holder*, 593 F.3d at 985 (quoting *Nijhawan v. Holder*, 129 S. Ct. 2294, 2302-03 (2009)). The indictment demonstrates that the potential loss to the victim was greater than $10,000, and potential loss can satisfy the intent standard under INA § 101(a)(43)(U). *See Li v. Ashcroft*, 389 F.3d 892, 897 (9th Cir. 2004).

Substantial evidence supports the IJ's determination that it is not more likely than not that Stocker-Munoz would be persecuted or tortured if returned to Chile. Stocker-Munoz is not entitled to a presumption of future persecution based on past persecution, as he was never actually harmed or threatened personally when in Chile and was not subject to the sort of extreme conduct we have previously found to constitute past persecution. *See, e.g.*, *Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001); *Singh v. INS*, 134 F.3d 962, 968 (9th Cir. 1998); *Kamla Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995). Moreover, Stocker-Munoz presented no evidence other than generalized statements that pro-Pinochet forces would persecute or torture him if he returned to Chile. These statements are contradicted by, among other things, the safety in which Stocker-Munoz's mother and son

3

voluntarily live in Chile, *Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000), as well as the State Department Country Report for Chile, which reports that Chile is a multiparty democracy with a good record on human rights and which reports no evidence of politically-motivated disappearances in Chile.

Petition DENIED.