NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICIA BETANCOURT-FLORES, | No. 06-73846 |
| Petitioner, | Agency No. A011-825-887 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Alicia Betancourt-Flores, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1080 (9th Cir. 2008), and we grant the petition for review.

The agency erred when it applied the modified categorical approach to determine that Betancourt-Flores's conviction for second degree burglary under Cal. Penal Code § 459 constituted an aggravated felony "attempted theft" offense under 8 U.S.C. § 1101(a)(43)(G) and (U), rendering her ineligible for relief from removal. *See Ngaeth v. Mukasey*, 545 F.3d 796, 801 (9th Cir. 2008) (a conviction under Cal. Penal Code § 459 constitutes an attempted theft offense under 8 U.S.C. § 1101(a)(43)(G) and (U) if the documents in the record of conviction establish that it involved an intent to commit a generic theft offense "coupled with an overt act constituting a substantial step towards the commission of the offense"); *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1101-04 (9th Cir. 2011) (entry into a commercial building does not constitute a substantial step supporting a conviction for attempted theft).

In addition, the agency found Betancourt-Flores removable due to her convictions for second degree burglary and possession of a controlled substance without the benefit of our intervening decisions in *Hernandez-Cruz*, 651 F.3d at 1105-09 (bare elements of California commercial burglary do not qualify as CIMT as they do not match the elements of any generic CIMT, qualify as fraudulent

2                                                                              06-73846

conduct, or otherwise constitute acts that are per se morally reprehensible), and

*Ruiz-Vidal v. Holder*, 473 F.3d 1072, 1076 (9th Cir. 2007) (because California drug schedules are broader than the federal Controlled Substance Act, record of conviction must identify the controlled substance involved).  On remand, the agency should reconsider its findings of removability in light of our intervening precedent.

We need not address Betancourt-Flores's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**