**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRISTAN CARL PABLO-RIVERA, a.k.a. Tristan C. Pablo, | No. 09-71880 |
| Petitioner, | Agency No. A040-497-052 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Tristan Carl Pablo-Rivera, a native and citizen of the Philippines, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") removal order.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo questions of law, *Ngaeth v. Mukasey*, 545 F.3d 796, 800 (9th Cir. 2008), and we deny the petition for review.

The BIA correctly determined that Pablo-Rivera's convictions under California Penal Code § 459 are aggravated felony attempted theft offenses where the record of conviction establishes that Pablo-Rivera pled guilty on both occasions to entering a locked vehicle with the intent to commit theft. *See id.* at 802 ("[A] conviction for entering a locked vehicle with the intent to commit theft constitutes an attempted theft offense for purposes of the aggravated felony definition."); *see also Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040-41 (9th Cir. 2011) (using an abstract of judgment in combination with a charging document to establish removability). In light of this determination, the BIA correctly concluded that Pablo-Rivera is removable under 8 U.S.C. § 1227(a)(2)(A)(iii), and is statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3).

Contrary to Pablo-Rivera's contentions, the IJ did not shift the burden of proof to him, and the agency did not rely on his hearing testimony in concluding that his convictions constitute removable offenses.

We do not entertain Pablo-Rivera's Motion to Reopen and Vacate Removal, filed on June 29, 2012. Any request for reopening should be filed with the BIA.

**PETITION FOR REVIEW DENIED.**

09-71880