**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE ANTONIO ROMERO-ALMANZA, etc., | No. 09-70380 |
| Petitioner, | Agency No. A75 169 191 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2013
San Francisco, California

Before: O'SCANNLAIN and M. SMITH, Circuit Judges, and ANELLO, District Judge.[**]

Jose Antonio Romero-Almanza, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision finding him removable from the

---

[*]     This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

United States as an aggravated felon based on his conviction for attempted subornation of perjury under California Penal Code sections 127 and 664. The issues on appeal also include whether Romero received a constitutionally adequate hearing. We have jurisdiction under 8 U.S.C. § 1252. We review *de novo* both whether a particular offense constitutes an aggravated felony, *Mandujano-Real v. Mukasey*, 526 F.3d 585, 588-89 (9th Cir. 2008), and claims of due process violations in removal proceedings. *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir. 2004). We deny the petition.

## A.     Romero's Aggravated Felony Conviction

To determine whether a particular state conviction is an "aggravated felony," the Court applies the categorical approach. *Taylor v. United States*, 495 U.S. 575, 588-89 (1990). In the context of "attempt" offenses, the proper inquiry under *Taylor* proceeds in two steps. *See United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009). We first determine whether the completed offense is an "aggravated felony" for purposes of the Immigration and Nationality Act ("INA"). In the second step, the Court considers whether the state definition of "attempt" is broader than the common law definition, such that the attempted offense is not an "aggravated felony."

To determine whether a particular state conviction is for an offense "relating to" subornation of perjury, 8 U.S.C. § 1101(a)(43)(S), the Court compares the state

2

statute in question to the most analogous federal criminal statute. *See Matter of Martinez-Recinos*, 23 I. & N. Dec. 175, 177 (BIA 2001). The federal subornation of perjury statute provides that "[w]hoever procures another to commit any perjury is guilty of subornation of perjury." 18 U.S.C. § 1622. California's subornation of perjury statute provides that "[e]very person who willfully procures another person to commit perjury is guilty of subornation of perjury so procured." Cal. Penal Code § 127. Comparing these two statutes, the operative language is essentially the same. Furthermore, Romero concedes that the completed offense of subornation of perjury under section 127 of the California Penal Code is an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(S).

The Court's precedent defines an "attempt" for immigration purposes using the same elements used in criminal cases. *Bunty Ngaeth v. Mukasey*, 545 F.3d 796, 801 (9th Cir. 2008). Accordingly, "attempt" contains two elements: (1) an intent to engage in criminal conduct, coupled with (2) an overt act constituting a substantial step toward the commission of the crime. *Id.* In California, an attempt consists of two elements: (1) a specific intent to commit the crime, and (2) a direct but ineffectual act done towards its commission. Cal. Penal Code § 664.

When the text of a state attempt statute deviates from the federal definition of attempt, the Court looks to state caselaw to determine whether the state's definition is coextensive with the federal definition. *United States v. Taylor*, 529

3

F.3d 1232, 1237-38 (9th Cir. 2008). In *Saavedra-Velazquez*, this Court examined California's attempt statute and noted that the California Supreme Court has interpreted California's attempt statute as being "more stringent than the Model Penal Code 'substantial step requirement.'" *See* 578 F.3d at 1109 (quoting *People v. Dillon*, 688 P.2d 697, 702 n.1 (Cal. 1983)). Accordingly, an attempt conviction in California is the categorical equivalent of an attempt conviction under 8 U.S.C. § 1101(a)(43)(U). Because Romero concedes that he violated a statute that would have met the definition in 8 U.S.C. § 1101(a)(43)(S), Romero's attempted subornation of perjury conviction under California law is an aggravated felony.

## B. Romero's Due Process Claim

A removal proceeding is administrative in nature and is not accompanied by the right to counsel. *United States v. Rivera-Sillas*, 417 F.3d 1014, 1018 (9th Cir. 2005). Instead, Congress has provided that an alien in removal proceedings may exercise the privilege of being represented at no expense to the Government. 8 U.S.C. § 1229a(b)(4)(A).

For an alien to appear *pro se*, there must be a knowing and voluntary waiver of the right to counsel. *See, e.g.*, *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). In order for a waiver to be valid, an IJ must generally: (1) inquire specifically as to whether the petitioner wishes to continue without a lawyer, *see*

*Reyes-Palacios v. INS*, 836 F.2d 1154, 1155-56 (9th Cir. 1988), and (2) receive a knowing and voluntary affirmative response. *See Castro-O'Ryan v. INS*, 847 F.2d 1307, 1313 (9th Cir. 1988). Failure to obtain such a waiver is an effective denial of the right to counsel. *See Castro-O'Ryan*, 847 F.2d at 1312. "If the prejudice is so great as to potentially affect the outcome of the proceedings, the denial of counsel amounts to a due process violation." *Tawadrus*, 364 F.3d at 1103. Here, because the IJ specifically posed questions to Romero about whether he wished to proceed without a lawyer and Romero provided a voluntary affirmative response, there was no due process violation.

In order to merit relief from a due process violation, an alien must show not only the violation itself, but that "the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). Even assuming Romero did not knowingly and voluntarily waive his right to counsel, the outcome of the proceedings below would not have been affected because Romero's conviction for attempted subornation of perjury is an aggravated felony as a matter of law.

**PETITION DENIED**.