**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JEFFERSON D. TINKAM, | No. 12-72518 |
| Petitioner, | Agency No. A078-681-425 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Jefferson D. Tinkam, a native and citizen of Costa Rica, petitions pro se for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's removal order. Our jurisdiction is governed

by 8 U.S.C. § 1252. We review de novo questions of law. *Reyes-Alcaraz v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ashcroft*, 363 F.3d 937, 939 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The BIA correctly concluded that Tinkam did not derive U.S. citizenship from his adoptive parents, where neither he nor his adoptive parents applied for a certificate of naturalization before he turned eighteen years old, as the law in effect at the time required. *See Mustanich v. Mukasey*, 518 F.3d 1084, 1086 (9th Cir. 2008) (explaining that former 8 U.S.C. § 1433(a)(3) required every foreign-born alien adopted by a U.S. citizen to "apply for naturalization prior to his eighteenth birthday"); *see also Romero-Mendoza v. Holder*, 665 F.3d 1105, 1107 (9th Cir. 2011) ("[D]erivative citizenship is determined under the law in effect at time [*sic*] the critical events giving rise to the eligibility occurred." (citation and internal quotation marks omitted)).

Our jurisdiction to consider Tinkam's remaining contentions is limited to colorable constitutional claims and questions of law because Tinkam's 2008 conviction for armed robbery under Arizona Revised Statutes § 13-1904, which resulted in a 5-year prison sentence, constitutes a conviction for an aggravated-felony crime of violence under 8 U.S.C. § 1101(a)(43)(F) that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Ngaeth v. Mukasey*, 545 F.3d 796, 800 (9th Cir. 2008) (per curiam) ("We have jurisdiction to review final orders

of removal for commission of an aggravated felony . . . , 'to the extent that the petition for review raises constitutional claims or questions of law.'" (citation omitted)); *see also United States v. Taylor*, 529 F.3d 1232, 1237 (9th Cir. 2008) (concluding that attempted armed robbery under Arizona law is a crime of violence). However, Tinkam's contentions regarding the government's submission of a presentence report and the validity of his conviction for immigration purposes, are not sufficiently colorable to trigger our jurisdiction. Tinkam's contention regarding the BIA's failure to consider his lack of access to legal reference materials is also not sufficiently colorable to trigger our jurisdiction because the BIA had no obligation to consider this issue *sua sponte*. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context, the [question of law] need not be substantial, but the claim must have some possible validity." (citation and internal quotation marks omitted)). The validity of Tinkam's conviction for all other purposes is not properly before us. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

Finally, we lack jurisdiction over Tinkam's claims regarding denial of access to the courts and appointment of counsel because he failed to exhaust these issues

3                                                                                    12-72518

before the BIA.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**