# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2014

Lyle W. Cayce
Clerk

No. 12-60490

———————

ADRIAN GARCIA, also known as Adrian Garcia Bustamante,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals

———————

Before DAVIS, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

In 1998, Adrian Garcia ("Garcia") was convicted of committing an auto burglary in violation of section 30-16-3(B) of the New Mexico Statutes Annotated. In 2010, the Department of Homeland Security ("DHS") served Garcia with a Notice To Appear ("NTA") charging him with removability under 8 U.S.C. § 1182(a)(2)(A)(i)(I), which renders inadmissible any alien convicted of a crime involving moral turpitude, based on his New Mexico auto-burglary conviction. The immigration judge ("IJ") determined that Garcia was removable as charged and also determined that Garcia's auto-burglary conviction constituted a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43), rendering him ineligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a)(3). Garcia appealed the IJ's determination that he was

No. 12-60490

ineligible to apply for cancellation of removal to the Board of Immigration Appeals ("BIA"). He did not appeal the IJ's determination that his New Mexico auto-burglary conviction constituted a conviction for a crime involving moral turpitude that, under 8 U.S.C. § 1182(a)(2)(A)(i)(I), rendered him inadmissible. Ultimately, the BIA dismissed the appeal, agreeing that Garcia's auto-burglary conviction, as a conviction for an aggravated felony, rendered him ineligible to apply for cancellation of removal.

In his petition for review, Garcia challenges the BIA's determination that his auto-burglary conviction constitutes a conviction for an aggravated felony. He does not challenge the IJ's determination that he is removable on the basis of his New Mexico auto-burglary conviction, which he did not appeal to the BIA. Having reviewed the parties' arguments, we make explicit what was dictum in *Lopez-Elias v. Reno*, 209 F.3d 788 (5th Cir. 2000), and join the Seventh, Ninth, and Tenth Circuits, *see United States v. Venzor-Granillo*, 668 F.3d 1224, 1226, 1232 (10th Cir. 2012); *Ngaeth v. Mukasey*, 545 F.3d 796, 801-02 (9th Cir. 2008); *United States v. Martinez-Garcia*, 268 F.3d 460, 466 (7th Cir. 2001), in holding that a conviction for unauthorized entry of a vehicle with intent to commit a theft therein constitutes a conviction for an attempted theft offense, which, under 8 U.S.C. §§ 1101(a)(43)(U) and 1229b(a)(3), renders Garcia ineligible to apply for cancellation of removal. We therefore DENY Garcia's petition for review.

**BACKGROUND**

On July 19, 2010, DHS served Garcia, a native and citizen of Mexico and a lawful permanent resident of the United States, with the NTA. The NTA alleged that Garcia was subject to removal under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because he had been convicted of auto burglary, a crime of moral turpitude, in

No. 12-60490

New Mexico in 1998.[1]  Garcia admitted that he was a native and citizen of Mexico and was a lawful permanent resident of the United States but he denied the remaining allegations and denied removability.

On September 6, 2011, the IJ held a removal hearing and determined that Garcia was removable pursuant to § 1182(a)(2)(A)(i)(I).  The IJ then scheduled future hearings to provide Garcia an opportunity to file an application for cancellation of removal, which Garcia subsequently filed.  The IJ later ruled, however, that because Garcia's auto-burglary conviction constituted a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43), Garcia was ineligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a)(3).

Garcia appealed to the BIA, arguing that the IJ had erred by finding that his auto-burglary conviction constituted a conviction for an aggravated felony. The BIA, however, upheld the IJ's decision and dismissed the appeal.  The BIA held that this circuit's decision in *Lopez-Elias* foreclosed the IJ's conclusion that Garcia's auto-burglary conviction constituted a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(*G*), which defines "aggravated felony" to include "a theft offense . . . for which the term of imprisonment [is] at least one year."  Nevertheless, the BIA ruled that the error was harmless because Garcia's auto-burglary conviction constituted a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(*U*), which defines "aggravated

---

[1] The NTA also alleged that Garcia was subject to removal under 8 U.S.C. § 1182(a)(2)(C) because he had been convicted of distributing marijuana in violation of section 30-31-22(A) of the New Mexico Statutes Annotated.  Both the IJ and the BIA agreed and both concluded that Garcia's marijuana-distribution conviction rendered him ineligible to apply for cancellation of removal.  Because we conclude that Garcia's auto-burglary conviction renders him ineligible to apply for cancellation of removal, we need not consider Garcia's separate argument that his marijuana-distribution conviction does not constitute a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).  Accordingly, we decline to address it.

3

No. 12-60490

felony" to include "an attempt or conspiracy to commit an offense described in" subsection (a)(43).  The BIA therefore concluded that Garcia was ineligible to apply for cancellation of removal.  Garcia filed a timely petition for review.

**STANDARD AND SCOPE OF REVIEW**

"We review the BIA's conclusions of law *de novo*, although we defer to the BIA's interpretation of [ambiguous] immigration regulations if that interpretation is reasonable." *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006).  Whether a prior conviction constitutes an aggravated felony under the Immigration and Naturalization Act ("INA") is a question of law we review *de novo*, *see Patel v. Mukasey*, 526 F.3d 800, 802 (5th Cir. 2008), as is "[t]he BIA's determination that an alien is ineligible for discretionary relief in the form of cancellation of removal," *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009).

The record in this case does not clearly establish whether Garcia has already been removed from the United States.  Nevertheless, the Supreme Court has stated that a petition for review is not rendered moot by merit of the petitioner's removal; even if Garcia has been removed, he may still seek cancellation of removal from abroad.  *See Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2584 n.8 (2010).[2]

---

[2] We also note that we generally lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. §] 1182(a)(2)."  8 U.S.C. § 1252(a)(2)(C).  In this case, the NTA alleged that Garcia was subject to removal under 8 U.S.C. § 1182(a)(2)(C) as a consequence of his New Mexico marijuana-distribution conviction, and the IJ and the BIA both agreed.  Nevertheless, our jurisdiction over "questions of law raised upon a petition for review" is not barred.  *See id.* § 1252(a)(2)(D); *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234 (5th Cir. 2009).  We therefore have jurisdiction to consider—and dispose of this case on the basis of—Garcia's legal challenge predicated on his New Mexico auto-burglary conviction.

No. 12-60490

## DISCUSSION

Garcia did not challenge the IJ's determination that he is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) on the basis of his New Mexico auto-burglary conviction. Consequently, we do not—and may not—consider this issue. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). Garcia argues instead that the BIA erred in holding that his auto-burglary conviction constitutes a conviction for an aggravated felony that, under 8 U.S.C. § 1229b(a)(3), renders him ineligible to apply for cancellation of removal. We conclude that the BIA did not so err and therefore deny Garcia's petition for review.

### I.

"When the Government alleges that a state conviction qualifies as an 'aggravated felony' under the INA, [courts] generally employ a 'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013). "Under this approach [courts] look 'not to the facts of the particular prior case,' but instead to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Id.* (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)). "[A] state offense is a categorical match with a generic federal offense only if a conviction of the state offense '"necessarily" involved . . . facts equating to [the] generic [federal offense].'" *Id.* (alterations in original) (quoting *Shepard v. United States*, 544 U.S. 13, 24 (2005)). "Because [courts] examine what the state conviction necessarily involved, not the facts underlying the case, [the court] must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Id.* (alterations in original) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

No. 12-60490

The categorical approach, however, is subject to certain qualifications. *See id.* One such qualification is when a state conviction is obtained under a divisible criminal statute, which triggers what is called the "modified" categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283-84 (2013) (explaining that a divisible statute "comprises multiple, alternative versions of the crime"). The modified categorical approach "serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which elements played a part in the [petitioner's] conviction." *Id.* at 2283. When

> address[ing] state statutes that contain several different crimes, each described separately, . . . [the Court] ha[s] held that a court may determine which particular offense the noncitizen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea.

*Moncrieffe*, 133 S. Ct. at 1684 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 35 (2009)) (internal quotation marks omitted).

## II.

In 1998, Garcia was convicted of committing an auto burglary in violation of section 30-16-3(B) of the New Mexico Statutes Annotated, which provides that "[a]ny person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony." In this case, the BIA determined that Garcia's conviction under this statute constituted a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(U) because it was an *attempted* theft offense.

We note that section 30-16-3(B) may be violated if a person enters a vehicle without authorization and attempts to commit a crime other than a theft therein, for instance, arson. *See* N.M. STAT. ANN. § 30-16-3(B) ("with

No. 12-60490

intent to commit *any felony* or theft therein") (emphasis added); *State v. Post*, 783 P.2d 487, 492 (N.M. App. 1989) (holding that the evidence, which showed that the defendant had entered a high school without permission and with intent to commit arson therein, was sufficient to convict him of burglary under section 30-16-3(B)). Consequently, we conclude that the statute is divisible, *accord Ngaeth*, 545 F.3d at 801, and employ the modified categorical approach to aid our examination of "which elements played a part in the [petitioner's] conviction," *Descamps*, 133 S. Ct. at 2283-84. Under that approach, we may consider a limited number of additional documents, including the charging document and, in the case of a guilty plea, the plea agreement. *Moncrieffe*, 133 S. Ct. at 1684.

In this case, those documents reflect that Garcia was charged with "enter[ing] a vehicle, a 1988 Chevrolet Astro Van belonging to Teresa Larranaga, without authorization or permission, with intent to commit a theft therein, contrary to §30-16-3(B), NMSA 1978" and that Garcia pleaded guilty "as charged." The documents therefore reveal that Garcia was convicted under the subsection criminalizing unauthorized entry of a motor vehicle with intent to commit a theft therein.

In *Lopez-Elias v. Reno*, this court considered "whether a Texas conviction of burglary of a vehicle with the intent to commit theft constitutes a theft offense, a burglary offense, or a crime of violence." 209 F.3d at 790.[3]

---

[3] Although *Lopez-Elias* addressed a conviction under *Texas*'s auto-burglary statute, rather than a conviction under *New Mexico*'s auto-burglary statute, the distinction is immaterial for purposes of our analysis because the elements of both statutes are virtually identical. *Compare* TEX. PENAL CODE ANN. § 30.04(a) ("A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft."), *with* N.M. STAT. ANN. § 30-16-3(B) ("Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.").

Ultimately, the court concluded that although the petitioner's auto-burglary conviction was neither a conviction for a theft offense nor a conviction for a burglary offense under 8 U.S.C. § 1101(a)(43)(G), the petitioner's auto-burglary conviction did constitute a conviction for a crime of violence under 8 U.S.C. § 1101(a)(43)(F). *See id.* at 792-93 & n.9. This conclusion was dispositive of the case, *see id.* at 793, so this court had no opportunity to consider whether the petitioner's auto-burglary conviction also constituted a conviction for an *attempted* theft offense under 8 U.S.C. § 1101(a)(43)(U), *see also id.* at 792 n.7 (noting that the government "d[id] not raise th[is] argument").[4] Nevertheless, the court reasoned in dictum that the petitioner's conviction for unauthorized entry of a vehicle with intent to commit a theft therein was "tantamount to an offense of *attempted theft*" under 8 U.S.C. § 1101(a)(43)(U). *Id.*

Three other circuit courts have expressly held that a conviction for unauthorized entry of a vehicle with intent to commit a theft therein constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(U). *See Venzor-Granillo*, 668 F.3d at 1232 ("A comparison of the elements of Venzor-Granillo's conviction for first degree criminal trespass with the elements of the generic definition of attempt to commit a theft offense shows that Venzor-Granillo necessarily admitted all the elements of the generic crime of attempt to commit theft."); *Ngaeth*, 545 F.3d at 801-02 (holding, under the modified categorical approach, that "a conviction for entering a locked vehicle with the intent to commit theft constitutes an attempted theft offense for purposes of the aggravated felony definition" under 8 U.S.C. § 1101(a)(43)(U)); *Martinez-Garcia*, 268 F.3d at 466 ("In pleading guilty to this charge, [Martinez-]Garcia admitted engaging in conduct which we determine to fit within the parameters of an attempt to commit a theft offense under [8 U.S.C. § 1101(a)(43)(U)], and

---

[4] By contrast, the government *has* raised this argument in Garcia's case.

the district court therefore did not err in concluding that the defendant's 1988 conviction was an aggravated felony.").

The Second Circuit has warned that inchoate crimes such as attempt are highly fact-specific and, therefore, not amenable to categorical analysis. *See Sui v. I.N.S.*, 250 F.3d 105, 119 (2d Cir. 2001). *Sui*, however, is inapposite because it did not involve a petitioner who had been convicted of auto burglary like Garcia and the petitioners in *Lopez-Elias*, *Venzor-Granillo*, *Ngaeth*, and *Martinez-Garcia*. Rather, Sui had been convicted of possessing counterfeit securities, and the Second Circuit's holding that this did not constitute a conviction for an attempted offense under 8 U.S.C. § 1101(a)(43)(U) was based on reasoning specific to the nature of securities offenses. *See id.* ("Given that possession of counterfeit securities with an intent to deceive does not necessarily constitute an attempt to pass these securities and cause a loss, . . . we find that Sui has not been convicted of an aggravated felony as defined in subsection (U)."). Moreover, the *Sui* court articulated a two-part test to prove attempt, asking "(1) has the defendant acted with the culpability otherwise required for the commission of the crime he or she is charged with attempting and (2) has the defendant *engaged in conduct that constitutes a substantial step toward the commission of the crime* and that is strongly corroborative of the actor's criminal purpose?" *Id.* at 115 (emphasis added). Both the Seventh Circuit and the Ninth Circuit have observed that a petitioner takes a substantial step toward committing a theft offense when he unlawfully enters a vehicle without the owner's consent. *See Ngaeth*, 545 F.3d at 802 (reasoning that "entering a 'vehicle . . . when the doors are locked' clearly constitutes a substantial step towards committing a theft") (citation omitted); *Martinez-Garcia*, 268 F.3d at 466 ("The 1988 Information charged Garcia with the intent to commit a theft, and also charged him with taking a substantial step toward the commission of the theft (unlawfully entering a motor vehicle without the

owner's consent)."); *see also Venzor-Granillo*, 668 F.3d at 1232 (stating that "the generic definition of 'attempt' is an intent to commit a crime and the commission of an act which constitutes a substantial step toward commission of that crime" and holding that "the elements of the offense Venzor-Granillo pleaded guilty to, as set forth in his plea agreement, substantially correspond to the elements of the generic offense of attempt to commit theft"). Whereas possessing counterfeit securities does not alone constitute a substantial step toward passing them along and causing loss, *Sui*, 250 F.3d at 119, we conclude that Garcia took the requisite substantial step toward the commission of a theft offense based on his pleading guilty to entering another person's vehicle without her authorization or permission and with the intent to commit a theft therein.

We therefore join the Seventh, Ninth, and Tenth Circuits and make explicit what was dictum in *Lopez-Elias*: a petitioner's state-law conviction for unauthorized entry of a vehicle with intent to commit a theft therein constitutes a conviction for an attempted theft offense under 8 U.S.C. § 1101(a)(43)(U). We therefore conclude that Garcia is ineligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a)(3).

## CONCLUSION

For the foregoing reasons, we DENY Garcia's petition for review.

No. 12-60490

EMILIO M. GARZA, Circuit Judge, specially concurring:

I concur in the judgment denying Garcia's petition for review. I agree that Garcia is ineligible to seek discretionary cancellation of removal because his New Mexico auto-burglary conviction constitutes an aggravated felony under federal immigration law. *See* 8 U.S.C. § 1229b(a)(3) (providing that the Attorney General "may cancel removal" if a noncitizen "has not been convicted of any aggravated felony").

I write separately for two reasons. First, *Lopez-Elias v. Reno*, 209 F.3d 788 (5th Cir. 2000), provides a more straightforward basis for concluding that Garcia is an aggravated felon: His auto-burglary offense is a "crime of violence." Second, because Garcia bears the burden of proving that he is *not* an aggravated felon, the majority misapplies the categorical approach in this case.[1]

The majority unnecessarily reaches a question reserved by dicta in *Lopez-Elias*—whether burglary of an automobile with intent to commit a theft constitutes a generic "attempted theft" offense under 8 U.S.C. § 1101(a)(43)(U). *Ante* at 8. *Lopez-Elias*'s holding articulates the dispositive principle: "[B]urglary of a vehicle does constitute a 'crime of violence,' justifying deportation under [8 U.S.C.] § 1101(a)(43)(F)." 209 F.3d at 792; *see also id.* at 792 n.9 (collecting cases). As the majority recognizes, the Texas burglary statute in *Lopez-Elias* is "virtually identical" to the New Mexico statute here. *Ante* at 7 n.3.[2] And just as Lopez-Elias's conviction for a "crime of violence"

---

[1] For simplicity's sake, I use "categorical approach" here to refer to both the categorical and modified categorical approaches, since the latter "merely helps implement the categorical approach when a [petitioner] was convicted of violating a divisible statute." *See Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013); *ante* at 6.

[2] The convictions in both *Lopez-Elias* and this case satisfied the minimum one-year imprisonment requirement for crimes of violence. *See* 8 U.S.C. § 1101(a)(43)(F). Lopez-Elias

rendered him a removable aggravated felon, such a conviction makes Garcia an aggravated felon ineligible for discretionary relief. *See* 8 U.S.C. § 1229b(a)(3); *Lopez-Elias*, 209 F.3d at 793. Thus, I would simply apply the holding of *Lopez-Elias* and conclude that because Garcia was convicted of a crime of violence, he is an aggravated felon ineligible for discretionary relief.

More importantly, the majority misapplies the categorical approach in this case. In the cases cited by the majority, the government bore the burden of proving that an individual's state law conviction *did* constitute a generic federal offense. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684–85 (2013) (considering whether a noncitizen committed an "aggravated felony" under the INA, thereby rendering him removable); *Descamps v. United States*, 133 S. Ct. 2276, 2283–86 (2013) (considering whether a defendant committed the "violent felony" of "burglary" under the Armed Career Criminal Act ("ACCA"), thereby triggering a sentence enhancement).[3] In those cases, "a state offense is a categorical match with a generic federal offense only if a conviction of the state offense *necessarily involved* facts equating to the generic federal offense." *Moncrieffe*, 133 S. Ct. at 1684 (internal quotation marks and alterations omitted) (emphasis added). Accordingly, courts must determine whether even the "least of the acts" sufficient to support the prior state law conviction fits within the federal offense's definition. *Ante* at 5 (quoting *Moncrieffe*, 133 S. Ct.

---

was sentenced to four years imprisonment under Texas law. *Lopez-Elias*, 209 F.3d at 790. Here, likewise, the New Mexico auto-burglary offense is a fourth degree felony, which carries a sentence of eighteen months. *See* N.M. Stat. Ann. § 30-16-3(B); *id.* § 31-18-15.

[3] The Supreme Court's earlier categorical approach jurisprudence also concerns situations in which the government bears the burden of proof. *See Taylor v. United States*, 495 U.S. 575, 601–602 (1990) (discussing government's burden of proof in seeking sentencing enhancement under the ACCA), *Shepard v. United States*, 544 U.S. 13, 18–19, 26 n.5 (2005) (same). In fact, the Government's burden of proving the factual basis for sentencing enhancements informed the Court's Sixth Amendment concerns that favored the categorical approach. *See Descamps*, 133 S. Ct. at 2288 ("The Sixth Amendment contemplates that a jury—not a sentencing court—will find such facts [that might increase a maximum sentence], unanimously and beyond a reasonable doubt.").

at 1684 (internal alterations omitted)). If not, then the government cannot carry its burden of proof, because it is possible that the state law did not "involv[e] facts equating to the generic federal offense." *See Moncrieffe*, 133 S. Ct. at 1684.

But in this case, the immigration statute inverts the burden of proof and thereby alters the categorical approach's application in a critical way. Here, the Government does not bear the burden of proving that Garcia is an aggravated felon. Rather, it is Garcia, as a noncitizen seeking discretionary cancellation of removal, who bears the burden of proving by a "preponderance of the evidence" that he did *not* commit an aggravated felony under the INA. 8 C.F.R. § 1240.8(d); *see also* 8 U.S.C. § 1229a(c)(4)(A); *Ramos-Torres v. Holder*, 637 F.3d 544, 548 (5th Cir. 2011) ("[A]n alien seeking cancellation of removal has the burden of proof to establish that he is eligible for the relief sought."). That is, Garcia must prove that the state law under which he was convicted encompasses *no* acts falling within the INA's aggravated felony definition— that his conviction necessarily involved facts *not* equating to the generic federal offense, to invert *Moncrieffe*'s formulation. *Cf. Moncrieffe*, 133 S. Ct. at 1684 ("[A] state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense." (internal quotation marks and alterations omitted)).

To carry his burden, Garcia must do more than prove merely that the *least* of the acts criminalized by the New Mexico statute would not constitute an aggravated felony under the INA. After all, such proof would not foreclose the possibility that he was convicted for more severe or aggravated acts. (Indeed, when the Government bears the burden, courts draw the same inference in the opposite direction: An individual might have committed the least of the acts covered by the state statute. *Id.*) Accordingly, in order to

prevail, Garcia must demonstrate that even the *most*—not the *least*—of the acts criminalized by the state statute would *not* constitute an aggravated felony. This approach is still "categorical" in its comparison of the elements of federal and state offenses; the parties may not re-litigate the facts underlying Garcia's conviction. *See Moncrieffe*, 133 S. Ct. at 1690–91.[4] But the inquiry into the "most" rather than the "least" of the state law's criminalized acts is mandated by Garcia's statutory burden of proving that he is *not* an aggravated felon.

The Fourth Circuit applied the categorical approach in precisely this manner in *Mondragón v. Holder*, 706 F.3d 535 (4th Cir. 2013). Mondragón, like Garcia here, sought discretionary cancellation of removal.[5] Mondragón conceded that he bore the burden of demonstrating eligibility for such relief, *id.* at 544–45 (citing 8 U.S.C. § 1229a(c)(4)(A)), and that he could not prove that his prior Virginia conviction for assault and battery was "nonviolent" under the categorical approach, *id.* at 538, 544. He contended, however, that the "policies underlying [the categorical approach] may be suited for the circumstances when the government bears the burden of proof, but . . . [not for] a proceeding such as this, where the alien bears the burden of proof." *Id.* at 544. The court roundly rejected this proposition. Applying the categorical

---

[4] Moreover, no party submits, and nothing about the statute suggests, that a non-categorical, "circumstance-specific" approach would apply. *See* 8 U.S.C. § 1229b(a)(3) (providing that Attorney General "may cancel removal" if noncitizen "has not been convicted of any aggravated felony"); *see generally Nijhawan v. Holder*, 557 U.S. 29, 36–40 (2009) (examining other "aggravated felony" provision in the INA and concluding that textual features and practical considerations require courts to conduct a circumstance-specific, factual inquiry into whether a prior state fraud offense exceeded a monetary threshold).

[5] Mondragón was deemed removable under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). *See Mondragón*, 706 F.3d at 537, 539. NACARA's requirements for discretionary relief and its burdens of proof are identical to those of the INA, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). *See id.* at 539 (discussing IIRIRA's "crime of violence" definition); *id.* at 545 (explaining burdens of proof).

approach, the court held that because a "crime of violence" involves the use of "violent force . . . capable of causing physical pain or injury to another person," Mondragón could not meet his burden of proving that "his prior conviction was *not* for" a crime of violence because "the crime of conviction *could cover* conduct that was violent or nonviolent." *Id.* at 545 (emphasis added).[6] In short, "an inconclusive record of conviction . . . is insufficient to meet an alien's burden of demonstrating eligibility for cancellation of removal." *Id.*

Unlike the Fourth Circuit, the majority fails to account for the burden of proof in today's opinion. Nonetheless, I concur in the judgment because, here, it so happens that both the "most" and "least" of the acts sufficient for Garcia's auto-burglary conviction would constitute an aggravated felony. The New Mexico statute, read together with Garcia's charging document,[7] covers the act of burglary of an automobile with intent to commit theft. *Ante* at 7. No matter how this offense is committed, it necessarily creates a "substantial risk that physical force will be used against the person or property of another in the course of committing the offense," and thus constitutes a crime of violence under 8 U.S.C. § 1101(a)(43)(F) and our precedents. *United States v. Delgado-Enriquez*, 188 F.3d 592, 595 (5th Cir. 1999); *accord Lopez-Elias*, 209 F.3d at 792 n.9.[8] Thus, I agree that Garcia's petition must be denied. In my view, however, such denial is proper because Garcia failed to carry his burden of

---

[6] While irrelevant to *Mondragón*'s application of the categorical approach, the Fourth Circuit's "crime of violence" definition is narrower than ours, which includes any offense that creates a "substantial risk that physical force will be used against the person or property of another in the course of committing the offense." *United States v. Delgado-Enriquez*, 188 F.3d 592, 595 (5th Cir. 1999).

[7] As the majority correctly observes, because (and only because) the New Mexico statute is divisible, the court can consider the charging document under the modified categorical approach. *Ante* at 7.

[8] Likewise, under the majority's approach, both the "most" and "least" of the criminalized acts would constitute an attempted theft offense under 8 U.S.C. § 1101(a)(43)(U). *See ante* at 10 ("[W]e conclude that Garcia took the requisite substantial step toward the commission of a theft offense . . . .").

No. 12-60490

proving that the *most* of the acts criminalized by New Mexico's auto-burglary statute, N.M. Stat. Ann. § 30-16-3(B), does *not* constitute an aggravated felony under 8 U.S.C. § 1101(a)(43).[9]

Thus far, the courts of appeals that have considered a noncitizen's eligibility for discretionary relief have applied the categorical approach inconsistently. In contrast to the Fourth Circuit in *Mondragón*, other circuits have not yet explicitly considered the effect of the noncitizen's burden of proof. *See Donawa v. U.S. Attorney General*, 735 F.3d 1275 (11th Cir. 2013); *Sanchez-Avalos v. Holder*, 693 F.3d 1011 (9th Cir. 2012); *Jean-Louis v. Attorney General of U.S.*, 582 F.3d 462 (3d Cir. 2009). Regrettably, a panel of this Court recently passed on an opportunity to do so in *Sarmientos v. Holder*, 742 F.3d 624 (5th Cir. 2014).[10] The question thus remains open in this Circuit, as in others.

---

[9] Like the Virginia statute in *Mondragón*, the Georgia statute analyzed by the Supreme Court in *Moncrieffe* illustrates the potential for starkly different outcomes under the "most" and "least of the acts" approaches. To be clear, *Moncrieffe* concerned a noncitizen's removability, which the Government bears the burden of proving, so the Supreme Court had no occasion to consider the petitioner's burden of proving eligibility for discretionary relief. But if such eligibility had been at issue in *Moncrieffe*, the statute would have presented the same problem as that resolved by the Fourth Circuit in *Mondragón*. The *Moncrieffe* Court explained that "the fact of a conviction for possession with intent to distribute marijuana, standing alone, does not reveal whether either remuneration or more than a small amount of marijuana was involved," both of which elements are required for concluding the offense was *not* an aggravated felony under the INA, which incorporates the felony definition under the Controlled Substances Act ("CSA"). *Moncrieffe*, 133 S. Ct. at 1686. "Moncrieffe's conviction could correspond to either the CSA felony or the CSA misdemeanor," and "[a]mbiguity on this point," explained the Court, "means that the conviction *did not 'necessarily'* involve facts that correspond to an offense punishable as a felony under the CSA." *Id.* at 1686–87 (emphasis added). Accordingly, the Government could not demonstrate Moncrieffe's removability. *Id.* at 1687. But if Moncrieffe had sought discretionary relief, he would have had to show by a preponderance of the evidence that his conviction *necessarily did not* involve facts corresponding to an aggravated felony. That is, the identical statutory "[a]mbiguity" resolved *in favor* of a noncitizen challenging his removability in *Moncrieffe* must be resolved *against* a noncitizen bearing the burden of proving eligibility for discretionary relief. *Id.*

[10] *Sarmientos* followed the Eleventh Circuit in *Donawa* in holding that a noncitizen was not ineligible for discretionary relief, since the "least of the acts" criminalized by a state law under which he was convicted did not constitute an aggravated felony. 742 F.3d at 631.

No. 12-60490

A future court should take up the important task of clarifying the application of the categorical approach to cases such as this one—where a noncitizen must prove he is eligible for discretionary relief by virtue of *not* having committed an aggravated felony under the INA.  To give effect to both the categorical approach and the statutory burden of proof, courts must find the noncitizen eligible only if he shows that even the *most* of the acts sufficient for his prior state law conviction would not constitute an aggravated felony. But because I agree that Garcia is not eligible to seek discretionary relief, I concur in the judgment only.

---

The opinion, however, did not consider the burden of proof's effect on the categorical approach.